### IN THE

# SUPREME COURT OF TENNESSEE,

### FOR THE

# WESTERN DIVISION,

JACKSON, . . . . . . . . . . . . APRIL TERM, 1884.

### WILLIAM DODDS *v.* JOSEPH DUNCAN.

SUPREME COURT PRACTICE. *Surety on bonds.* If a judgment be rendered by this court against a person as surety upon a replevin bond, or any other bond taken in the progress of the cause, on motion without notice, the remedy of such person, if he contest his liability, is in equity, provided the amount be sufficient to give that court jurisdiction, and, if not, this court will supersede the execution, and remand the cause to the inferior court for a trial of the issue joined.

### FROM HARDIN.

Appeal in error from the Circuit Court of Hardin county. T. P. BATEMAN, J.

D. W. BROYLES for Dodd.

J. A. PITTS for Duncan.

COOPER, J., delivered the opinion of the court.

In an action of replevin brought by David Starr against Joseph Duncan, the name of William Dodds ap-

peared to be signed by himself as surety to the replevy bond. The judgment below was in favor of the plaintiff, but, upon the defendant's appeal, this court granted a new trial, and adjudged the costs of the appeal against the plaintiff and William Dodds as his surety. After the adjournment of the term, Dodds presented his petition under oath to one of the judges of the court, stating that he did not sign the replevy bond nor authorize any person to sign it, and that the same was not his act and deed; and asking that a *supersedeas* be granted to bring the matter before the court for such relief as he might be entitled to. The *supersedeas* was granted. The opposing party moved to dismiss the petition. The Referees were of opinion that the application was in effect for a writ of error *coram nobis*, and that the court had no jurisdiction to entertain it. They reported in favor of sustaining the motion to dismiss; and the petitioner excepted to their report.

The Constitution of 1870, Article 6, section 2, provides: "The jurisdiction of the court shall be appellate only, under such restrictions and regulations as may from time to time be prescribed by law; but it may possess such other jurisdiction as is now conferred by law on the present Supreme Court." The Constitution of 1834 contained the same provision, which came before our predecessors for construction. They held that the emphatic words of the clause were the words "appellate only," and that the latter part of the sentence should be limited to such powers as, though not appellate, were absolutely necessary to the exercise of

the appellate jurisdiction given: *Miller* v. *Conlee,* 5. Sneed, 432; *State* v. *Bank,* 5 Sneed, 573. By a well known rule of constitutional and statutory construction, the provision thus construed must be held to have been brought forward into the new Constitution with the meaning judicially put upon it. And so it has in effect been 'decided: . *Newman* v. *Justices,* 1 Heis., 787; *McIntosh* v. *Paul,* 7 Lea, 45.

The jurisdiction of the court has been made appellate only, as was well said in *Miller* v. *Conlee,* because it was intended that the litigant in any judicial proceeding should have the benefit of the decision of at least two distinct tribunals, one created by the Legislature, and the other by the Constitution. This court has considered it to be its duty to effectuate the constitutional intent, even when the case might well fall under the latter part of the clause of the Constitution in question as construed. Thus, where the satisfaction of a judgment of this court was erroneously set aside by the court itself upon an *ex parte* application, a bill in equity was held to be the proper remedy, although it was conceded the relief might be granted here: *Wilburn* v. *McCollum,* 7 Heis., 267. So, where a judgment by motion has been taken in this court wrongfully against a sheriff for the non-return or an insufficient return of an execution: *Van Bibber* v. *Smith,* 1 Swan, 110; *Kinzer* v. *Helm,* 7 Heis., 672. The remedy of a party whose name has been signed without authority to an appeal bond, and against whom judgment has been rendered by this court on the bond, is in equity: *Coles* v. *Anderson,* 8 Hum., 491.

The court has refused to entertain a defense arising
after the rendition of the judgment below, such as a
discharge in bankruptcy or the payment of the judg-
ment, leaving the party to his remedy in equity: *Ward*
v. *Tunstall,* 2 Baxt., 319; *Riggs* v. *White,* 4 Heis.,
503; *Eberhardt* v. *Wood,* 1 Tenn. Ch., 490; *Kirt-
land* v. *Mississippi & Tennessee Railroad Company,* 4
Lea, 414. And it has been held where a surety of
appeal sought relief against a judgment upon the ap-
peal bond in the mode and on the same ground relied
on in the case before us, that the remedy was in
equity, and not by a writ of error *coram nobis: Lamb*
v. *Sneed,* 4 Baxt., 349.

In all of the foregoing cases, the jurisdiction of
the court of equity to grant relief was clear. In the
case before us, the invalidity of the judgment for the
want of notice to the petitioner, who was not even a
*quasi* party to the suit because not in fact an obligor
in the bond, would give equity jurisdiction. But the
judgment complained of being only for about $25, and
the penalty of the bond only for $30, the amount in-
volved is not sufficient to authorize a court of chan-
cery to take cognizance of the case: *Malone* v. *Dean,*
9 Lea, 336. And it is a matter of serious consider-
ation whether in such a case, the right to relief upon
the facts stated in the petition being clear, there is
any relief in this court, or through the jurisdiction
conferred upon it.

Appellate jurisdiction, strictly speaking, is exercised
by revising the action of the inferior court, and re-
manding the cause for the rendition and execution of

the proper judgment. . This is the course pursued by
the House of Lords in England and by the Supreme
Court of the United States. From an early day in
this State the Supreme Court was authorized by stat-
ute, in the exercise of its appellate jurisdiction, to
give such judgment and make such decree as should
have been rendered in the inferior court: Code, sec.
3167; Its judgment is therefore the judgment of the
lower court, and may in many cases be remanded to
that court for execution, or for further proceedings.
At common law no judgment could be rendered upon
a bond taken in the progress of a cause for any pur-
pose without notice, or the service of a *scire facias.*
At an early day in this State, it was provided that
judgment might be rendered by the appellate court on
all bonds and recognizances taken in the cause, either
in the inferior or appellate court, upon motion without
*scire facias* or notice: Code, secs. 3109, 3137, 3161,
3166. Of course, a *scire facias* might still be sued
out if deemed advisable: *Martin* v. *Gordon*, 3 Hayw.,
173. And by the Code, sections 4499, 4500, this court
is expressly authorized to give judgment upon such
bonds, and to issue *scire facias* thereon in all proper
cases; and try the issues joined by summoning a jury
if necessary. By section 4503, the court may issue
all writs and process necessary to the exercise and
enforcement of its jurisdiction.

The jurisdiction thus conferred, although not ap-
pellate, is essential to the exercise of the appellate
jurisdiction under the regulation prescribed by the Leg-
islature of rendering and executing the judgment which

the court below should have rendered. And in the large majority of cases it tends to the prompt dispatch of business, and the termination of litigation. The persons proceeded against are either parties to the suit, or *quasi* parties by the execution of the bonds on which judgment is rendered. And the court necessarily adjudges that the person has executed the bond. If, in fact, he was not bound by the instrument, he would not be a party or *quasi* party, and the want of notice of the motion would entitle him to relief in equity. Whenever the amount involved is sufficient to give the court of chancery jurisdiction the aggrieved person may be safely and properly left to his remedy in that mode. The litigants have thereby the benefit of the decision of two tribunals, one of them created by the Legislature, and the other by the Constitution. And this court may well refuse to take cognizance of the matter in the first instance, even if it have jurisdiction. The right to relief is clear, for it would be contrary to the first principle of justice to hold a person liable by judgment when he was not bound for the liability, and had no notice of the adverse proceeding. But the difficulty in this case is that the amount involved is not sufficient to give the court of equity jurisdiction, and that court is the only one authorized to impeach a judgment of this court by acting on the conscience of the parties. If this court can afford no relief, there would be a clear injury without a remedy.

The judgment of this court, as we have seen, is in effect the judgment of the circuit court, being the

judgment which that court ought to have rendered. If that court had rendered the judgment in the first instance, or if the judgment of this court were remanded to the inferior tribunal for execution, the petitioner would, both at common law and by statute, have had his remedy by writ of error *coram nobis*: *Wynne* v. *Governor*, 1 Yer., 149; Code, sec. 3110.

The mere fact that the judgment has been rendered here ought not to deprive him of his remedy. At the same time for this court to try any issue of fact would deprive the litigants of the benefit of the decisions of two tribunals, and would be in conflict with our previous rulings. But we think we may do as we have often done upon a motion for the recovery of damages on an injunction bond, or other bond taken in the progress of a cause for the protection of particular litigants, or on a motion for the ascertainment of the fees of the counsel of infants or married women, declare the rights of the parties, and remand the cause to the court below for the trial of the issues made. In this way, the parties will have such a trial as they are constitutionally entitled to, and a remedy will be afforded for a clear right.

The report of the Referees will therefore be set aside, and the motion to dismiss the *supersedeas* overruled. If no other issue is tendered upon the facts alleged in the petition, the *supersedeas* will be made perpetual. If issue is joined on the fact whether the bond in question was the act and deed of the petitioner, an order will be made declaring the rights of

the parties to have the issue tried, and the cause for that purpose will be remanded to the circuit court for trial, the costs to abide the event. But the petitioner will pay the costs of this court subject to the result of the trial.