GEORGE L. POWERS *et al.*, COMPLAINANTS, APPELLANTS, *v.*
ROBERT S. VINSANT *et al.*, DEFENDANTS, APPELLEES.*

(*Nashville*, December Term, 1932.)

Opinion filed December 17, 1932.

---

*On right of unlicensed physician or dentist to act as employee
of licensed one, see annotation in 44 L. R. A. (N. S.), 1090.

STICKLEY & FITZHUGH, for complainants, appellants.

J. W. COOPER, Assistant Attorney-General, J. S. ALLEN, WALTER RANDLE, and WASSELL RANDOLPH, for defendants, appellees.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

We are asked on this appeal for a declaration as to the right of the students of the Dental Department of the University of Tennessee to practice dentistry or perform dental operations, under the supervision of the instructors in that institution, and to charge fees for such services. Other questions raised by the bill have been eliminated by agreement of the parties or by concession of the complainants.

The bill, which the chancellor dismissed, was filed by the State Board of Dental Examiners against the Trus-

tees of the University of Tennessee and the Dean and other officers of the Dental Department.

We think this is a proper case for a declaratory judgment. The Board of Dental Examiners is interested to see that unauthorized persons do not practice dentistry in this State. Those in charge of the Dental School are interested to see that the students obtain practical instruction in dental work. It does not appear what becomes of the fees. If the school gets the fees or share the fees, it has in addition a pecuniary interest in this controversy. The Board of Dental Examiners then has a real present interest in obtaining a favorable declaration. The trustees and officers of the Dental Department have a real present interest in obtaining a declaration adverse to that sought by the bill. See *Hodges* v. *Hamblen County,* 152 Tenn., 395.

It is objected that the students of the Dental Department are not made parties hereto, section 8845 of the Code providing that all parties affected by the result of proceedings under the Declaratory Judgments Act shall be made parties to such proceedings. A court of equity has some discretion as to parties and, in view of the disposition to be made of this case, since the rights of the students will not be prejudiced, we may proceed without them.

Section 6941 of the Code and following sections regulate the practice of dentistry in Tennessee. These sections provide for the creation of a Board of Dental Examiners, for the examination of applicants who may wish to practice dentistry, for the issuance of licenses to those applicants found qualified, for the registration of such licenses, for other things not material here, and make it unlawful for any person to practice dentistry

in this State without first applying for and obtaining the license as prescribed.

Section 6969 of the Code is in these words:

"This chapter shall not prevent students from practicing or performing dental operations under the supervision of competent instructors in any dental school, college, or dental department of any school, college, or university recognized by the state board of dental examiners."

Certainly, as contended by counsel for complainants, this section of the Code is an exception to the provisions of the remainder of the chapter. As an exception, it is to be strictly construed. It cannot, however, be so narrowly construed as to give it a meaning other than that expressed. Plainly, section 6969 means that the students of a recognized dental school may practice dentistry or perform dental operations under the supervision of the competent instructors of that school. The Dental Department of the University of Tennessee is recognized by the State Board of Dental Examiners.

No unlicensed persons other than such students can practice dentistry or perform dental operations, but these students, under such supervision, may do so.

We think any person authorized by law to practice a profession, or to follow any avocation for that matter may exact compensation for his services. The common-law doctrine that neither a physician or counsellor could recover upon a *quantum meruit* for professional services, because such services were honorary, was denied in Tennessee as early as *Newman* v. *Washington*, 8 Tenn. (M. & Y.), 79. The common-law rule seems never to have been in force in the United States, 48 C. J., 1156.

In *Newman* v. *Washington*, the court said:

"It is consonant with the nature of our institutions that faithful labors should be rewarded by reasonable remuneration; and he who works at the bar, and he who works at the plane, the physician, the farrier, the carpenter, and the smith, should all possess an equality of rights, and be paid what they reasonably deserve to have, according to the nature and value of their respective services."

A court of equity is without authority to regulate the conduct of a dental clinic as we are herein asked to do. Nor can such a court give to the words of the statute an interpretation which such words do not justify.

Affirmed.