RAMSEY *et al. v.* CANTRELL.

*(Nashville,* December Term, 1935.)

Opinion filed May 2, 1936.

W. C. CHERRY, of Nashville, for appellants.

D. W. CUNNINGHAM, of Nashville, for appellee.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

Defendant has for many years owned and conducted "Cantrell's Barber College" in the city of Nashville. He accepted students who desired to learn the barber profession, and charged a tuition fee of $50. It required one year to complete the course of instruction, after which a diploma was granted. Each student, on entering the college, was required to register as an apprentice with the State Board of Barber Examiners. Defendant is a registered barber. He and two other registered barbers act as instructors of the students. The college is conducted in a building owned by defendant, and oc-. cupies the basement and main floor. Both floors are fitted out with all necessary barber equipment. The college is operated in two departments. What might be termed the primary department is located in the basement. There the students are taught everything that is done in the average barber shop. This department is open on all weekdays, except Saturday, where barbering is done for the public without charge or consideration. After from four to six weeks, if the student has made normal progress, he is transferred to the department conducted on the main floor of the building, where he has actual practice in the art of barbering and receives such further instruction as he may need. In this department the students are allowed to receive a percentage of the nominal charges made for services rendered the public.

The bill in this cause was filed by the members of the State Board of Barber Examiners, seeking to enjoin defendant from having at any one time more than two

apprentices in what is alleged to be his "barber shop." The claim to the right to the relief sought is based on the contention that the department conducted by defendant where the small charge for services rendered the public by the students is made is in fact a barber shop, and being a barber shop, it is argued that, under section 7120 of the Code, only two apprentices can be employed at any one time. The chancellor granted the injunction, as prayed. Defendant has appealed to this court and assigned errors.

Chapter 118, Public Acts 1929, is an act to "regulate the practice of barbering." This act, with some modification, was brought into the Code as sections 7117-7139. The only reference to barber schools is found in section 7138, wherein it is provided:

"The board shall have authority to make reasonable rules and regulations for the administration of the provisions of this chapter, and prescribe sanitary requirements for barber shops and barber schools, subject to the approval of the state department of health. Any member of the board or its agents or assistants shall have authority to enter and to inspect any barber shop or barber school at any time during business hours. A copy of the rules and regulations adopted by the board shall be furnished by it to the owner or manager of each barber shop and barber school, and such copy shall be posted in a conspicuous place in each such barber shop or barber school."

Thus the statute expressly recognizes the existence of barber schools. The provision contained in section 7120 of the Code prohibiting more than two apprentices in a licensed barber shop has no reference to a barber school. To extend this prohibition to barber

schools would be to inject something into the statute the Legislature did not enact. Such a limitation on the number of students, or apprentices, engaged in barbering under the supervision of a registered barber, in a barber school, would destroy the school.

Complainants concede that the department conducted by defendant in the basement ''is a legitimate barber school.'' But it is insisted that the department upstairs is a barber shop, and must be limited to not more than two students, or apprentices. The distinction seems to be based on the circumstance that a small charge is made for work done up stairs while no charge is made the public for work done down stairs, and that defendant had a state and county barber shop license.

There is nothing in the statute forbidding a charge to be made for work done by an apprentice. Section 7120 provides that a registered apprentice may ''do any and all of the acts constituting the practice of barbering under the immediate personal supervision of a registered barber.'' We have in our statute regulating the practice of dentistry a provision (section 6969 of the Code) providing:

''This chapter shall not prevent students from practicing or performing dental operations under the supervision of competent instructors in any dental school, college, or dental department of any school, college, or university recognized by the state board of dental examiners.''

In *Powers* v. *Vinsant*, 165 Tenn., 390, 393, 54 S. W. (2d), 938, this court said: ''Plainly, section 6969 means that the students of a recognized dental school may practice dentistry or perform dental operations under the supervision of the competent instructors of that school.

. . . We think any person authorized by law to practice a profession, or to follow any avocation for that matter, may exact compensation for his services." With equal force it can be said that the student, or apprentice, barber may lawfully exact compensation for his services, and that the making of such charge no more converts the barber college into a barber shop than does the charge made by a student of dentistry convert his college into a commercial dental office.

Complainants concede, as before stated, that defendant, in the first grade of his school, is conducting "a legitimate barber school." . They disclaim any idea or intention of interfering with the department of the school conducted in the basement. Yet, it would inevitably result that if the students in this concededly legitimate department could not, when qualified, be advanced to the department conducted on the main floor, the school would cease to be of any value to the students.

The record discloses, we think, that defendant was conducting a *bona fide* barber college. The fact that defendant procured a state and county barber license did not have the effect of converting his barber college into a barber shop.

Our conclusion is that the decree of the learned chancellor must be reversed, and the bill dismissed.