WRIGHT *v.* NASHVILLE GAS & HEATING CO.

(*Nashville*, December Term, 1945.)

Opinion filed May 4, 1946.

596

CHARLES L. CORNELIUS and CHARLES C. GILBERT, JR., both of Nashville, for Wright.

BASS, BERRY & SIMS, of Nashville, for Gas Co.

MR. JUSTICE GAILOR delivered the opinion of the Court.

The original bill in this cause was filed in the Chancery Court of Davidson County, under the Declaratory Judgment Act, Code 1932, Section 8835 *et seq.,* by the complainant, as a taxpayer and property owner of Nashville, seeking to have the charter and franchise of the defendant, Nashville Gas & Heating Company, declared to be invalid and illegal in so far as these corporate documents were construed to empower the defendant to sell natural, as distinguished from manufactured gas, in the City of Nashville.

Before the filing of the bill, the City of Nashville had construed the charter and franchise to give the power, as had the State Railroad and Public Utilities Commission, but the Nashville Gas and Heating Company, alone was made a party defendant to the bill. The defendant demurred to the bill on several grounds, but in view of

our disposition of the case, we need to consider only the first. It is:

"1. That complainant is not entitled to bring or maintain this suit because:

"(a) He files such solely as a citizen and taxpayer, without showing or alleging special injury or interest not common to the body of citizens.

"(b) Complainant does not allege any right or claim and redress dependent upon the validity or invalidity of the Ordinance granting the franchise of defendant.

"(c) The laws of Tennessee confer upon the duly elected representatives of the citizens of the municipal corporation of Nashville the sole and only right to appeal to the courts for redress in cases of this kind.

"(d) Complainant fails to allege a demand upon, and refusal by, the duly elected authorities of the City of Nashville, to enforce the rights of the City of Nashville, if any, which allegation is a prerequisite to the bringing of a suit in a representative capacity as a taxpayer."

Devoting his opinion to a discussion of this ground of the demurrer, the chancellor sustained it and dismissed the bill, holding not only that the complainant had failed to show "special interest" or "special injury," but that he had failed to join as defendant, representatives of the City of Nashville who were indispensible parties to justify a declaration.

From this action of the chancellor the complainant appeals and assigns errors. If the chancellor was right in sustaining this first ground of the demurrer, there is no pleading before us on which a "justiciable issue" is presented to limit and define the scope of a declaration. Therefore, until it is determined that the complainant, either as a taxpayer or property owner, is legally entitled

to the declaration he seeks, there is no need to recite the other questions presented.

■ Here, a declaration and injunctive relief are sought against a quasi-public corporation by a complainant who alleges only that he is a taxpayer and property owner of a municipality which has vested certain franchise rights in the corporation. The municipal authorities by whom the rights were vested, as the complainant asserts illegally, are not made parties to the suit. Since, therefore, complainant sues only as a taxpayer and property owner of the municipality, asserting rights limited to his status as such taxpayer and property owner, we think the municipal authorities were necessary and indispensible parties to secure an effectual or enforcible declaration on the matters alleged in the bill. Gibson's Suits in Chancery, 1937 Ed., secs. 100-102; Code sec. 8845. In the absence of the joinder of the city, or its representatives, we doubt that the complainant, merely as one of its taxpayers and property owners, has any right as such, to maintain an independent action against even a quasi-public corporation on a matter of contract with the city.

■ The non-joinder of necessary parties is fatal on the question of "justiciability" which, in a suit for a declaratory judgment, is a necessary condition of judicial relief. *Goetz* v. *Smith,* 152 Tenn. 451, 464, 278 S. W. 417; *State ex rel.* v. *Board of Com'rs of Wyandotte County,* 128 Kan. 516, 279 P. 1; *Adams, Judge,* v. *Slavin,* 225 Ky. 135, 7 S. W. (2d) 836; Bouchard, Declaratory Judgments, p. 29.

The complainant alleges that he has not made the city officials parties defendant, because he is unwilling to embarrass them by so doing. In his opinion, the chancellor says in this connection:

"This Court has reached the conclusion that the mere allegation of embarrassment to the City officials, without an allegation that their interests were antagonistic, is not sufficient to permit the complainant to maintain this suit."

We would go farther and say that as embarrassment of the city officials is a necessary incident of the relief sought, that Code sec. 8845, as well as a decent regard for the sensibilities of the municipal authorities, demands that they have their day in court, before their official action is publicly declared to be illegal and set aside. The pertinent language of Code sec. 8845 is as follows:

"When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. . . ."

The complainant frankly says in his argument:

"As set out in the foregoing Statement of the Case, it is our view that the single question presented on this appeal is whether or not the Chancellor was correct in holding that a taxpayer of the City, suing on behalf of himself and all other taxpayers, cannot bring a suit to enforce the property rights of the City *which the administrative officials are seeking to dispose of illegallly, under all the facts and circumstances alleged in the bill of complaint.*" (Our emphasis.)

It seems to us elementary that when the avowed purpose of a bill is to restrain the illegal disposition of certain municipal property rights by the city's administrative officials, that these officials are such parties as have a very definite interest in the proceedings under Code sec. 8845, *supra.*

■ The right of an individual taxpayer to maintain a suit to restrain public officials in the discharge of their administrative duties, is limited to cases where such action would increase the tax burden and give complainant as a taxpayer, a special interest in preventing the proposed municipal action, and which is not such interest as those citizens who are not taxpayers, also have in the proposed municipal action. *Patton* v. *Chattanooga,* 108 Tenn. 197, 65 S. W. 414. Many of our cases announce this rule, but we think it sufficiently illustrated by the two taxpayers' suits cited and relied on by the complainant, himself. These are—*Burns* v. *City of Nashville,* 142 Tenn. 541, 221 S. W. 828, and *Malone v. Peay,* 157 Tenn. 429, 7 S. W. (2d) 40.

In both these cases, the complainant taxpayer, by the prayer of his bill, sought a repayment into the public treasury of funds expended, as it was alleged, illegally, by public officials who were made defendants to the bill. Obviously, such repayment would be of special interest to the complainant as a taxpayer, and to all other taxpayers similarly situated. In the case before us, we have no question of increasing the tax burden, nor would the relief sought, if granted, affect the tax burden of the complainant, or others of his class.

The sole question presented is whether a proper and legal construction of the charter and franchise of the defendant give it the right to sell natural gas to the citizens of Nashville. The municipal authorities and the defendant agree on a construction giving the defendant that right, and the State Railroad and Public Utilities Commission has approved that construction. The question is thus the same in its legal effect and implication, as was the construction of the franchise as "exclusive" or "not exclusive," in the *Patton Case, supra,* where it was held

that a taxpayer, as such, could not question the construction because he has no special interest not held in common with all other citizens, whether taxpayers or not, of the municipality. In that case, where the question was whether or not the franchise was or was not exclusive, it was held that only a competing utility could raise the question, if the city, through its proper representative, did not raise it.

"A taxpayer, as such, cannot test the validity of a franchise merely because it is exclusive. This question can only be made by one claiming the right to do something contrary to the exclusive feature." *Patton* v. *Chattanooga,* 108 Tenn. 197, 230, 65 S. W. 414, 422.

So here, if the defendant is selling natural gas in Nashville under the construction of its franchise and corporate charter to which the municipality has agreed, the assault on the exercise of that right and the question of the propriety of the construction could only be raised by another agency which was seeking to exercise the right of selling natural gas to the citizens of Nashville.

As a property owner, complainant is in no stronger position. Any burden which the sale of natural gas by defendant will impose upon the streets and other properties of the City of Nashville will be a burden imposed generally on all its citizens. No property rights of the complainant will be lost which are special to him, and which are not also lost by all the other citizens of Nashville. *Patton* v. *Chattanooga, supra; Pope* v. *Dykes,* 116 Tenn. 230, 93 S. W. 85; *Reams* v. *Board of Mayor and Aldermen,* 155 Tenn. 222, 225, 291 S. W. 1067; *State ex rel.* v. *Brown,* 159 Tenn. 591, 597, 21 S. W. (2d) 721.

Whether the proposed or accomplished official action affects the complainant as a taxpayer or as a property

owner, he must show a special interest not held by all other citizens.

"In short, such a bill as complainants present can be maintained only to protect private, and not public, rights." *Patton* v. *Chattanooga*, 108 Tenn. 197, 223, 65 S. W. 414, 420.

█ If complainant sues as a taxpayer, the relief he seeks must yield a benefit, both to himself and other taxpayers of his class, similarly situated. *Lynn* v. *Polk*, 76 Tenn. 121.; *Malone* v. *Peay, supra.*

█ If he sues as a property owner, "special damage" to himself as such, and not mere encroachment or misuse of streets and other municipal properties, must be clear from the bill.

"The streets, as streets, are not the property, in any sense, of individual citizens. A taxpayer has no more proprietary interest in them than any other citizen. They are the property of the common public." *Patton* v. *Chattanooga*, 108 Tenn. 197, 227, 65 S. W. 414, 422.

█ In the bill before us, there is no attempt to show that the complainant's tax burden or his individual rights of property will be affected so as to give him a "special interest" in securing the relief he seeks, nor is there any reason to conclude that an injunction of the sale of natural gas by the defendant to the citizens of Nashville, would be a benefit to taxpayers or property owners of that municipality, even if it be conceded that complainant as a taxpayer and property owner, has a right as such, to sue the utility without joining the proper city officials as parties defendant.

█ The "special interest" is essential to maintenance of the suit where a declaratory judgment, only, is sought, with no prayer for injunction. Code sec. 8835; *Perry* v. *City of Elizabethton*, 160 Tenn. 102, 22 S. W. (2d) 359;

*Miller* v. *Miller,* 149 Tenn. 463, 487, 261 S. W. 965; *Cummings* v. *Shipp,* 156 Tenn. 595, 597, 3 S. W. (2d) 1062; *Goetz* v. *Smith, supra.*

Therefore, both because of the failure to join the proper city officials as defendants to the bill, and because of complainant's failure to show the necessary special interest, we think the demurrer to the bill was properly sustained and the chancellor's decree is affirmed at the appellant's cost.

The Nashville Gas & Heating Company, on the appeal, sought to have this Court pass on matters pretermitted by the chancellor when he sustained the demurrer. The appellant, Wright, has filed a supplementary brief stating his position on those matters, and citing *Dodds* v. *Duncan,* 80 Tenn. 731, and numerous other cases where this Court has held that its jurisdiction is one of review exclusively, and that where there has been no ruling or decision of the lower Court, we will not render a decision on questions presented for the first time on appeal. Constitution, Art. VI, secs. 1, and 2; Rule 14, sub.-sec. (5), 173 Tenn. 876. Since we have limited our opinion to a consideration of the chancellor's opinion and decree on the demurrer, we have followed the rules laid down in *Dodds* v. *Duncan, supra,* as appellant insists we should.