SCHULTZ *et al v.* LEWALLEN *et al.*

(*Knoxville*, September Term, 1948.)

Opinion filed December 11, 1948.

Rehearing denied March 11, 1949.

ELY & ELY, of Knoxville, for appellants.

SIDNEY DAVIS, of Clinton, for appellees.

MR. JUSTICE GAILOR delivered the opinion of the Court.

The original bill in this cause was filed by certain citizens and taxpayers of Anderson County, to enjoin the Election Commissioners, Clerks, Officers and Judges from holding elections in the 8th and 9th Civil Districts of Anderson County. To support the prayer for injunction, it was alleged that the United States Government had acquired the 8th and 9th Civil Districts of Anderson County by condemnation proceedings for the Oak Ridge project, and that by this action the State of Tennessee and Anderson County had lost political jurisdiction of the area. The bill was met by demurrer on several grounds, of which we find it necessary to consider only two: (1) That under the facts stated in the bill, the Chancery Court had no jurisdiction to enjoin the Election Commissioners, or prevent them from holding an election. (2) That suing merely as citizens and taxpayers, the Complainants show no special injury or irreparable damage which would entitle them to the injunctive relief sought.

The Chancellor sustained the demurrer and dismissed the bill, and the Defendants have perfected this appeal.

■ We think the decree of the Chancellor was correct and should be affirmed. Suing merely as citizens and taxpayers of Anderson County, the Complainants show no right in themselves to the relief sought. By the bill they show no rights of theirs which are special to themselves and are invaded by the County situation described in the bill, nor do they show any irreparable damage to themselves. Such showing was essential to entitle them to the relief sought. *Patton* v. *City of Chattanooga*, 108 Tenn. 197, 65 S.W. 414; *Wright* v. *Nashville Gas & Heating Co.*, 183 Tenn. 594, 194 S. W. (2d) 459; *State* v. *Staten*, 46 Tenn. 233.

■ Furthermore, under the facts stated in the bill, the Chancery Court has no jurisdiction to enjoin the Election Commissioners or prevent them from holding an election. *O'Neil* v. *Jones*, 185 Tenn. 539, 206 S.W. (2d) 782, 1 A. L. R. (2d) 581; *Buena Vista Special School Dist.* v. *Board of Election Com'rs*, 173 Tenn. 198, 201, 116 S. W. (2d) 1008.

The decree of the Chancellor is affirmed at Appellant's cost.

All concur.

## On Petition to Rehear.

Petition to rehear has been filed, by which Petitioner complains that this Court pretermitted a declaration "holding that the residents of said area (the U. S. reservation at Oak Ridge) have no right to vote in any election involving the right to hold office in Anderson County and that said residents of said area are 'without the confines of Anderson County, Tennessee.' "

■ The basis of Petitioner's proposition is thus stated in the petition:

". . . the residents of Oak Ridge being there temporarily and having no intention of remaining there, and being compelled to remove from the area on termination of employment, are not bona fide residents of the county, that they have never formed any intention of being 'domiciled' in the area as required by the word 'resident' in the voting statutes and that therefore they are not entitled to vote."

We think the declaration sought was properly refused by the Chancellor and his action was properly affirmed by this Court for at least three reasons: (1) The Complainants by their original bill, show no such special interest or right as entitles them to the declaration sought. *Coleman* v. *Henry,* 184 Tenn. 550, 201 S. W. (2d) 686. (2) Since the affected residents and prospective voters are not parties to the cause, such declaration would lack essential elements of due process and be no final determination of rights. *State ex rel.* v. *Willett,* 117 Tenn. 334, 350, 97 S. W. 299; *Wright* v. *Nashville Gas & Heating Co.,* 183 Tenn. 594, 194 S. W. (2d) 459; *Nashville Trust Co.* v. *Dake,* 162 Tenn. 356, 36 S. W. (2d) 905.

Code Sec. 1937, which lays down the only residence requirements for prospective voters, makes no demand for a declaration of intention of remaining *(animus manendi)* in the voter's county for any fixed time after the election. It requires only that the prospective voter shall have been a resident of the State for one year and of the county where he proposes to vote, for six months prior to the election. The section is as follows:

"Every person of the age of twenty-one years, being a citizen of the United States and a resident of this state for twelve months, and of the county wherein he may offer his vote for six months next preceding the day of

election, shall be entitled to vote for members of the general assembly and other civil officers for the county or district in which he may reside.'' Code sec. 1937.

Petition denied.

All concur.