IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 1, 2022 Session

## TOWN OF MONTEREY, TENNESSEE ET AL. v. THE GARDEN INN, LLC ET AL.

**Appeal from the Circuit Court for Putnam County**
**No. 2019-CV-121    Jonathan L. Young, Judge**
_____

### No. M2020-01511-COA-R3-CV
_____

This is a declaratory judgment action concerning an express ingress/egress easement that provides access via The Garden Inn at Bee Rock in Monterey, Tennessee, to a neighboring natural landmark owned by the Town of Monterey, Tennessee. After years of public use of the easement to access the landmark, The Garden Inn took steps to physically hinder the public's use of the easement. As a consequence, the Town of Monterey and others commenced this action against The Garden Inn, LLC, to declare the respective rights and responsibilities of the parties. After years of litigation, The Garden Inn contended that a conservation foundation was an indispensable party. In doing so, The Garden Inn contended that failure to add the conservation foundation, which holds a conservation easement by which it may prohibit certain uses of the landmark property, would subject The Garden Inn to multiple or otherwise inconsistent obligations. The trial court disagreed, holding that the conservation foundation "has no interest in the fight with respect to the interpretation of this easement for ingress and egress." Thereafter, the court granted summary judgment in favor of the Town of Monterey concerning the scope and uses of the easement. The Garden Inn appealed, challenging only the trial court's determination that the conservation foundation was not an indispensable party. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT and CARMA DENNIS MCGEE, JJ., joined.

D. Michael Kress II, Sparta, Tennessee, for the appellants, The Garden Inn, LLC; Michael Kopec; and Mirtha Kopec.

Daniel H. Rader IV and André S. Greppin, Cookeville, Tennessee, for the appellees, Town of Monterey, Tennessee; Walker Realty Investments, L.P.; and Robert J. Walker.

# OPINION

## FACTS AND PROCEDURAL HISTORY

For several generations, the property on which The Garden Inn at Bee Rock is located was owned by members of the Walker family and their family limited partnership, Walker Realty Investments, L.P. (collectively, the "Walker Family"). In addition to the parcel encompassing The Garden Inn ("Parcel 1"), the Walker Family owned an adjacent parcel of land that encompassed a natural landmark on the edge of the Cumberland Plateau known as Bee Rock ("Parcel 2").

In 1995, the Walker Family conveyed Parcel 1 to a limited liability company controlled by Mr. Dickie Hinton. The conveyance was subject to a fifty-foot wide ingress/egress express easement across Parcel 1 to access Parcel 2. Thereafter, Mr. Hinton's limited liability company sold Parcel 1 to The Garden Inn, LLC, subject to the express easement.

Acting on a desire to preserve Bee Rock as a nature area in perpetuity, the Walker Family granted a conservation easement on Parcel 2 in 2018 to the Tennessee Parks and Greenways Foundation ("TPGF"), a non-profit organization. On the following day, they donated Parcel 2 to the Town of Monterey, subject to TPGF's conservation easement.

As a result of the express ingress/egress easement, access to Parcel 2 via Parcel 1 was open to the public. However, tensions grew when The Garden Inn took issue with visitors using the easement to access Bee Rock. In fact, The Garden Inn would "run off" visitors to the Bee Rock natural landmark.

As a consequence, the Town of Monterey, Walker Realty Investments L.P., and Robert J. Walker (collectively, "Plaintiffs") commenced this action for declaratory judgment against The Garden Inn, LLC, and its owners/members Michael Kopec and Mirtha Kopec (collectively, "Defendants").[1] Defendants filed an answer and counterclaim in which they asserted their own claim for declaratory judgment concerning the ingress/egress easement; however, Defendants did not add TPGF as a third-party defendant in their counterclaim. Defendants subsequently filed various motions, but they never filed a motion to make TPGF a party.

---

[1] The complaint in this case was filed on June 10, 2019, by the Town of Monterey and Walker Realty Investments, L.P. In an amended complaint filed shortly thereafter, Robert J. Walker was added as an additional plaintiff because he was in the chain of title prior to the creation of the conservation easement and the donation of Parcel 2 to the Town of Monterey. Nevertheless, this is the third action among the parties concerning the issues in dispute. The first two actions were commenced by The Garden Inn, LLC. The Garden Inn filed its first complaint in the Chancery Court for Putnam County, Tennessee, on April 11, 2017, but voluntarily dismissed the action prior to the scheduled trial date. The Garden Inn commenced its second action, this time in the circuit court, on September 12, 2018, only to voluntarily dismiss the action shortly prior to the trial date. This action was commenced shortly thereafter.

On July 21, 2020, Plaintiffs filed a motion for summary judgment that was supported by a statement of undisputed facts and a memorandum of law. Defendants responded by filing their own motion for summary judgment that was supported by a statement of undisputed facts and a memorandum of law in which they asserted for the first time that TPGF was an indispensable party. Significantly, however, Defendants did not dispute the material facts set forth by Plaintiffs, nor did they file a motion to make TPGF a party.

Following a hearing on the competing motions, the trial court granted summary judgment in favor of Plaintiffs, finding that the express easement contained in Defendants' deed permitted visitors to cross Parcel 1 to access Parcel 2. In doing so, the trial court stated:

> The Court specifically finds that there is a fifty[-]foot ingress/egress easement to the Bee Rock property that is principally the subject of this suit.
>
> Defendants' position is that there should be qualifications or restrictions concerning the ingress/egress easement. However, there are no restrictions on the express ingress/egress easement expressed in the deed. The Court specifically finds that the easement runs with the land, is alienable, and continues until such time as it may be extinguished. The Court finds that the language of the easement is clear and that the use is contemplated by the easement is substantially wide open, for ingress and egress. . . . The Court further notes the undisputed fact that the express easement was known to the Defendants at the time they acquired their interest in the property.
>
> .    .    .    .
>
> The Defendants have asserted . . . the existence of an indispensable party, Tennessee Parks and Greenways Foundation. The Court finds that this party was previously known at least to the Defendants, though the Court finds that this is immaterial. The Court has reviewed this conservation easement submitted by the Defendants, but finds that the purported indispensable party does not affect the Court's ability to declare the issues concerning this ingress/egress easement. The Defendants have not carried their burden of proving that this entity is an indispensable party. The Court specifically concludes that the holder of the conservation easement has no interest in the fight with respect to the interpretation of this easement for ingress and egress.

This appeal followed.

**ISSUES**

Defendants raise only one issue, stated as follows:

Whether the trial court erred by not requiring a party that was a stakeholder in the outcome of the case to be joined as a necessary and indispensable party for just adjudication to resolve all issues so as to avoid the prospect of incurring double, multiple, or otherwise inconsistent outcomes or obligations.

We, however, have determined that the failure to add an indispensable party in an action governed by the Declaratory Judgments Act leaves the court with "no authority to grant declaratory relief." *Tennessee Farmers Mut. Ins. Co. v. DeBruce*, 586 S.W.3d 901, 906 (Tenn. 2019). Therefore, we must also determine whether the trial court had subject matter jurisdiction over the matters in dispute without TPGF being added as a party.[2]

**STANDARD OF REVIEW**

Whether or not a party is indispensable to a declaratory judgment action is in the discretion of the trial court and will be reviewed using the abuse of discretion standard. *Id.* at 905. However, "[s]ubject matter jurisdiction involves a court's lawful authority to adjudicate a controversy brought before it." *Chapman v. DaVita, Inc.*, 380 S.W.3d 710, 712 (Tenn. 2012) (citing *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn. 1996); *Standard Sur. & Cas. Co. of New York v. Sloan*, 173 S.W.2d 436, 440 (Tenn. 1943)). "Since a determination of whether subject matter jurisdiction exists is a question of law, our standard of review is de novo, without a presumption of correctness." *Id.* at 712–13 (quoting *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000)).

**ANALYSIS**

I.  WAIVER OF THE ISSUE ON APPEAL

As a threshold matter, Plaintiffs contend that Defendants waived the issue of whether TPGF is an indispensable party because Defendants failed to "raise the issue in their original answer, and did not file a motion at any time either before or after." Plaintiffs go on to highlight that Defendants "did not move to amend their Answer to assert this defense" and "did not file a motion concerning this defense." We, however, have determined that the failure to add an indispensable party in an action governed by the Declaratory Judgments Act leaves the court with "no authority to grant declaratory relief." *DeBruce*, 586 S.W.3d at 906 (Tenn. 2019). Therefore, the issue may not be waived. *See*

---

[2] Significantly, Defendants do not challenge the trial court's decision to grant Plaintiffs' motion for summary judgment. Thus, the only issue on appeal pertains to the contention that TPGF is an indispensable party.

*Morrow v. Bobbit*, 943 S.W.2d 384, 392 (Tenn. Ct. App. 1996) ("This Court is required to consider the subject matter jurisdiction of both this Court and the trial court regardless of whether the existence thereof is presented as an issue." (citations omitted)).

Subject matter jurisdiction is an issue that cannot be conferred either by waiver or consent, and one which this court will often address sua sponte. *See Osborn v. Marr*, 127 S.W.3d 737, 739 (Tenn. 2004) ("Tennessee's courts derive subject matter jurisdiction from the state constitution or from legislative acts."). As our Supreme Court has explained:

> To achieve the goal of finality and certainty in a declaratory judgment action, all necessary parties must be joined. . . . The [Declaratory Judgments] Act "imposes stricter [joinder] requirements than those imposed generally by Tennessee Rules of Civil Procedure 19.01 and 19.02." Unless all parties to be bound by the judgment are joined in the action, a trial court has no authority to grant declaratory relief.

*DeBruce*, 586 S.W.3d at 906 (second alteration in original) (citations omitted) (quoting *Huntsville Util. Dist. of Scott Cnty., Tenn. v. Gen. Tr. Co.*, 839 S.W.2d 397, 403 (Tenn. Ct. App. 1992)).

Here, both parties seek relief under the Declaratory Judgments Act. In their Complaint, Plaintiffs asked the court to render a declaratory judgment regarding the validity of the ingress/egress easement, and Defendants sought the same in their answer and counterclaim. Because the issue raised is determinative of the trial court's subject matter jurisdiction, the fact that Defendants failed to properly raise the issue in the trial court does not constitute a waiver of the issue on appeal. *See Morrow*, 943 S.W.2d at 392. Thus, we will address the issue.

## II. INDISPENSABLE PARTY

Defendants contend that the trial court erred by finding that TPGF is not an indispensable party because the failure to include TPGF as an indispensable party may expose Defendants to a risk of multiple or inconsistent obligations. Plaintiffs counter this argument by noting that the term "indispensable party" does not mean that all persons who might be remotely affected by a decision need to be joined in a declaratory judgment action. More specifically, Plaintiffs argue that TPGF merely holds a negative easement to forever retain Parcel 2's natural and scenic conditions and to prevent any use that will impair or interfere with it being a natural landmark—purposes that have nothing to do with the ingress/egress easement across Defendants' parcel.

The Declaratory Judgments Act provides, in pertinent part, "[w]hen declaratory relief is sought, all persons **shall be** made parties who have or claim **any interest which would be affected by the declaration**, and no declaration shall prejudice the rights of

persons not parties to the proceedings." Tenn. Code Ann. § 29-14-107(a) (emphasis added).[3] As we discussed in *Timmins v. Lindsey*, 310 S.W.3d 834 (Tenn. Ct. App. 2009):

> Because of the nature of declaratory relief, the Declaratory Judgments Act, Tenn. Code Ann. § 29-14-101 *et seq.*, "makes it incumbent that every person having an affected interest be given notice and an opportunity to be heard before declaratory relief may be granted." *The Huntsville Utility District of Scott County, Tenn. v. General Trust Co.*, 839 S.W.2d 397, 403 (Tenn. App. 1992). Tenn. Code Ann. § 29-14-107(a) requires:
>
>> When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceedings.
>
> *Id.* The statute, therefore, imposes stricter requirements than those imposed generally by the Tennessee Rules of Civil Procedure requiring the joinder of indispensable parties in all types of cases. *See e.g.*, Tenn. R. Civ. P. 19.01 and 19.02. Consequently, non-joinder of necessary parties is fatal on the question of a justiciable issue, which, in an action for declaratory judgment, is a necessary condition of judicial relief. *See Huntsville Utility*, 839 S.W.2d at 399 (citing *Wright v. Nashville Gas & Heating Co.*, 183 Tenn. 594, 598, 194 S.W.2d 459, 461 (1946)); *Powers v. Vinsant*, 165 Tenn. 390, 54 S.W.2d 938 (1932).

*Timmons*, 310 S.W.3d at 839. Further, our Supreme Court has explained that the Declaratory Judgments Act does not demand that a party who has only a remote interest in the litigation be joined:

> Whether a party must be joined "'in a declaratory judgment action depends on the type of case and the issues involved.'" *Adler v. Double Eagle Props. Holdings, LLC*, No. W2010-01412-COA-R3-CV, 2011 WL 862948, at *3 (Tenn. Ct. App. Mar. 14, 2011) (quoting *Byrn v. Metro. Bd. of Pub. Educ.*, No. 01-A-019003CV00124, 1991 WL 7806, at *5 (Tenn. Ct. App. Jan. 30, 1991)). Declaratory relief will be granted "only to parties who have a real interest in the litigation and when the case involves present rights that have

---

[3] Whether a party is indispensable to an action is generally governed by Rule 19 of the Tennessee Rules of Civil Procedure. In a declaratory judgment action, however, the Declaratory Judgments Act will apply, imposing "stricter [joinder] requirements than those imposed generally by Tennessee Rules of Civil Procedure 19.01 and 19.02." *DeBruce*, 586 S.W.3d at 906 (alteration in original) (citation omitted). Thus, although Defendants rely solely on application of Rule 19 in their appellate brief, we consider the application of the Declaratory Judgments Act to this issue.

accrued under presently existing facts." *Dobbs v. Guenther*, 846 S.W.2d 270, 275 (Tenn. Ct. App. 1992) (citations omitted).

> **Parties who might be remotely affected by the declaratory judgment need not be joined**. *Timmins*, 310 S.W.3d at 839 (citing *Shelby Cnty. Bd. of Comm'rs v. Shelby Cnty. Quarterly Ct.*, 216 Tenn. 470, 392 S.W.2d 935, 940 (1965)).

*DeBruce*, 586 S.W.3d at 906 (emphasis added).

The entirety of TPGF's rights and interests in Parcel 2 arise from the Bee Rock Deed of Conservation Easement. Tennessee Code Annotated § 66-9-303(1)(B) defines "conservation easement" to mean "a nonpossessory interest of a holder in real property imposing limitations or affirmative obligations on the owner of the servient estate, the owner's heirs, and assigns with respect to the use and management of the servient land, structures or features thereon, and/or activities conducted thereon."

Additionally, the Bee Rock Deed of Conservation Easement placed on Parcel 2 provides in pertinent part:

> It is the Purpose of this Easement to assure that the Protected Property will be retained forever predominantly in its natural, scenic, forested, and open space condition . . . and to prevent any use of the Protected Property that will significantly impair or interfere with Conservation Values of the Protected Property, its wildlife habitat, and/or natural resources. Grantor intends that this Easement will confine the use of the Protected Property to those activities and uses which are consistent with and in furtherance of the Purpose of this Easement ("Purpose").

As the foregoing reveals, the conservation easement is a negative easement that only affords TPGF the right to preserve the area in its natural state and the responsibility to prohibit uses of Parcel 2 that are inconsistent with a nature area. *See* Jon W. Bruce and James W. Ely, Jr., The Law of Easements & Licenses in Land § 12:2 ("Most conservation easements are negative easements because they restrict the grantor in making use of the grantor's own property and do not give the grantee any right to use the subject parcel."). Moreover, because it is merely a negative easement, the conservation easement does not afford TPGF any right to exploit Parcel 2. On the contrary, those rights are the sole and exclusive property of the Town of Monterey because the Town is the fee simple owner of Parcel 2. As Plaintiffs correctly state in their appellate brief:

> [TPGF's] only interest is preserving Bee Rock in a natural state; it has no interest in suing the neighbor to increase traffic across an ingress/egress easement to further increase use of the conserved parcel. The argument that

the foundation had any "significant" interest in the ingress/egress easement is specious.

As a consequence, we agree with the trial court's determination that TPGF has no direct interest in the ingress/egress easement on Parcel 1 and does not directly benefit from the easement. On the contrary, any benefit TPGF receives from the ingress/egress easement on Parcel 1 is merely incidental, giving it—at best—a remote interest in the outcome of this case. *See DeBruce*, 586 S.W.3d at 906; *see also Brewer v. Lawson*, 569 S.W.2d 856, 858 (Tenn. Ct. App. 1978) (explaining that only a party that may be directly affected by a court's ruling and whose interest is not represented by another party to the action is an indispensable or necessary party).

For the foregoing reasons, we affirm the trial court's determination that TPGF is not an indispensable party to this action.

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against The Garden Inn, LLC, Michael Kopec, and Mirtha Kopec.

_____
FRANK G. CLEMENT JR., P.J., M.S.

- 8 -