No. 28,779.

THE STATE OF KANSAS, ex rel. ARTHUR J. MELLOTT, County Attorney of Wyandotte County, *Plaintiff*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF WYANDOTTE et al., *Defendants*.

(279 Pac. 1.)

Opinion filed July 6, 1929.

*Arthur J. Mellott,* county attorney, for the plaintiff.

*Louis R. Gates,* county counselor, *Blake A. Williamson, J. E. McFadden, W. L. Wood* and *A. J. Herrod,* all of Kansas City, for the defendants.

The opinion of the court was delivered by

MARSHALL, J.: This is an original proceeding in quo warranto, brought in the name of the state of Kansas, on the relation of the county attorney of Wyandotte county, against the board of county commissioners and William G. Bird, county treasurer of that county, to obtain declaratory judgments on two matters, one defining the powers of the board of county commissioners and of the county

treasurer over the deposit of funds belonging to the county, the other declaring to whom the contract price for public work shall be paid where bond has been given for the performance of the contract and where the proceeds arising from the contract have been assigned.

■ The county commissioners argue that, under section 19-530 of the Revised Statutes, they have the power to name the bank or banks in which shall be deposited all the funds or moneys of whatsoever kind that shall come into the possession of the county treasurer.

The county treasurer contends that, under chapter 89 of the Laws of 1927, he has the power to name the banks in which such funds shall be deposited.

The solution of the controversy depends upon the interpretation of the two statutes mentioned. So far as material to the question under consideration section 19-530 of the Revised Statutes reads:

"That in all counties of this state the county treasurer shall deposit daily all the funds and moneys of whatsoever kind that shall come into his possession by virtue of his office as such county treasurer, in his name as such treasurer, in one or more responsible banks located in the county and designated by the board of county commissioners as county depositories . . . Before making such deposits the said board shall take from said bank or banks a good and sufficient bond, in a sum double the largest approximate amount that may be on deposit at any one time."

That statute appeared in chapter 94 of the Laws of 1897. It was amended by chapter 101 of the Laws of 1909 so as to read as it now appears in the Revised Statutes. It has not since been amended.

Chapter 89 of the Laws of 1927, so far as material, reads:

"That section 9-142 of the Revised Statutes of Kansas, 1923, be and the same is hereby amended to read as follows: No bank, bankers, or bank officer shall give preference to any depositor or creditor by pledging the assets of the bank as collateral security, except that bonds of the United States, of the state of Kansas, or of some county, school district, or municipality of the state of Kansas, or other securities, may be deposited with the state treasurer as security for the deposit of state money, and with the trustees of postal savings bank funds, and with any county treasurer, any city treasurer, the treasurer, or other fiscal officer responsible for public funds, of any township, board of education, school district, or other municipal body, for the security of such funds: *Provided,* That such treasurer or other fiscal officer shall be responsible under his bond for the safe-keeping of such bonds. And such bonds (except such as are deposited with the state treasurer or the trus-

tees of postal savings bank funds) shall be forthwith deposited in a burglar-proof vault of a responsible safe deposit company or bank equipped with adequate modern facilities for the safe-keeping of securities, located within the state of Kansas, under contract with such safe deposit company or bank that such bonds may be withdrawn or coupons detached only by the joint consent of the owner thereof and the treasurer or other fiscal officer representing the public body to which such bonds are pledged; but no bonds belonging to a depository bank shall be deposited for safe-keeping in any safe deposit vault owned or controlled by such depository. . . ."

Chapter 89 of the Laws of 1927 amended section 9-142 of the Revised Statutes, which before it was amended, so far as material, read:

"No bank, bankers, or bank officer shall give preference to any depositor or creditor by pledging the assets of the bank as collateral security, except bonds of the United States, of the state of Kansas, or of some county, school district or municipality of the state of Kansas, or other securities may be deposited with the state treasurer as security for the deposit of state money and with the trustees of postal savings bank funds for the security of such funds. . . . ."

Prior to the enactment of chapter 89 of the Laws of 1927 the question of control of the deposit of money belonging to the county was before this court in a number of actions. The court held that control was vested in the county commissioners. In *State v. Lawrence,* 80 Kan. 707, 103 Pac. 839, decided July 9, 1909, this court said:

"A county treasurer held to have no authority to place public funds on general deposit in a bank not designated by the county commissioners as a depositary." (Syl. ¶ 2.)

See, also, *Phillips v. Bank,* 98 Kan. 383, 387, 158 Pac. 23; *Bank v. Stanton County,* 99 Kan. 80, 160 Pac. 980; *Skinner v. Mitchell,* 108 Kan. 861, 869, 197 Pac. 569.

Those decisions control in the present action unless chapter 89 of the Laws of 1927 takes control of public county funds from the county commissioners. Chapter 89 does not specifically say who shall have control of the deposit of the securities therein mentioned. It does say the county treasurer shall be responsible for the safe-keeping of the bonds deposited with him by banks as security for the deposits made in them. Responsibility for the bonds deposited with the county treasurer by the banks is not the same as responsibility for money deposited by the county treasurer in the banks. The statute giving to the county commissioners power to say where

the funds of the county shall be deposited can exist side by side with the statute saying that the county treasurer shall be responsible for the bonds deposited by the banks with him as security for money deposited in them.

To whom is the county treasurer responsible for the bonds deposited with him as security for county funds? Two parties are interested in those bonds, the depositor and the county. The depositor is the owner of the bonds. The county in effect has a lien on them to secure the funds deposited in the bank. If the bank should fail to pay back the funds deposited with it as required by law the county could look to the bonds for reimbursement for such funds. Until there is a default by the bank the county's right to the bonds is limited to possession and lien.

Section 19-530 of the Revised Statutes regulates the manner in which the funds of a county may be deposited in a bank. Chapter 89 of the Laws of 1927 specifies one manner in which a bank may secure a county for public funds deposited in the bank and directs how those securities shall be kept.

■ On the other matter the petition contains the following allegations:

"12. (m) It has been the practice of the banks of this county where a contract for a public improvement has been let to a contractor to take assignments of all the proceeds due under the contract and advance money on such assignment to the general credit of said contractor, contending that such assignment has priority over all other claims, including the claims of sureties of such contractors who take at the time of executing the bonds, required under R. S. 68-704, a prior assignment to them, said sureties of said contract; and it is contended by the county treasurer who has the honoring of the warrants provided for in R. S. 68-704, that the surety company has a legal and equitable right to a lien upon the proceeds of the contract inuring to them through subrogation of the rights and properties not only of the construction company (the surety companies' principal) but also to the right under said section of the board of county commissioners, which right and lien attached as of the date of the execution of the bond by the sureties.

"(n) The board contends that the funds ordered disbursed by its warrants, referred to in R.S. 68-704, belong to said contractor and that said contractor has a right to make a valid assignment of said funds covered by said warrants notwithstanding and regardless of the said claimed prior rights thereto of said sureties.

"13. That the board and treasurer herein are each, by reason of their varying view of the law governing them in the premises, failing to perform the duties imposed upon them by the various laws relating to their official duties in connection with the matter of bonds and securities required of the

various depositories now being used by the treasurer for the deposit of the public funds coming into the possession of said treasurer as said treasurer.

"14. That the board and the treasurer are each pursuant his own said views of his authority, power and duty in said matters, conducting his said office and each in said views, and said consequent exercise of official powers cannot be right."

No bank, surety, contractor, or assignee of a contractor, is made a party to this action. Their rights would be involved in any judgment by this court on the matters presented by the quoted allegations of the petition. As between the county commissioners and the county treasurer there can be no such controversy over the matters presented as is contemplated by the declaratory judgment law. The county treasurer and the county commissioners may disagree as to the law, but there is no justiciable controversy between them. The controversy, if there is any, is between them on the one side and the bank, surety, contractor, or the assignee of the contractor, on the other side. The county treasurer and county commissioners are asking for instructions in matters concerning which there is no such controversy. In the absence of those beneficially interested in the question presented the supreme court has no power to declare what the law is. Such a declaration would be legislation.

The court declares that the public funds in the hands of the county treasurer must be deposited in banks in obedience to the order of the board of county commissioners; and that the county treasurer is responsible for the bonds deposited with him by banks as security for the deposit of public funds in those banks and may deposit them in safety deposit vaults in the manner prescribed by chapter 89 of the Laws of 1927.

The court declines to declare the law governing to whom the payment for public works for the county shall be made where bond for the performance of the contract has been given, and where the proceeds arising from such work have been assigned.