J. T. Perry *v.* City of Elizabethton *et al.*\*

(*Knoxville.* September Term, 1929.)

Opinion filed December 21, 1929.

Cox & Taylor, for complainant, appellant.

Campbell & Grindstaff and Sells, Simmonds & Bowman, for defendant, appellees.

Mr. Justice Swiggart delivered the opinion of the Court.

The original bill in this cause was filed by J. T. Perry, as a taxpayer of the City of Elizabethton, under the Declaratory Judgments Law, Acts 1923, chapter 29, for the purpose of testing the constitutionality of an act purporting to amend the charter of Elizabethton, Private Acts 1929, chapter 466.

The City of Elizabethton, its Mayor and Councilmen, the members of the County Board of Election Commissioners, and the Attorney-General and Reporter of the State were named as the defendants to the bill. An answer was filed for the City, in which the Mayor and one of the Councilmen joined, admitting the unconstitutionality of the statute attacked, and an answer was filed by the members of the Election Commission, disclaiming

interest in the controversy. The complainant dismissed his suit against the defendant, C. C. Hacker, member of the City Council, but Hacker was permitted by the chancellor to file a demurrer to the original bill, as *amicus curiæ*. The Attorney-General and Reporter demurred to the bill.

The City of Elizabethton, and the Mayor and Councilman who joined with the City in its answer, filed a cross-bill, naming as defendants Councilman Hacker, the members of the Election Commission, and the Attorney-General and Reporter of the State, for a declaratory judgment that the act in question is unconstitutional and void. The cross-bill was dismissed as to Hacker; the members of the Election Commission answered, as above indicated; and the Attorney-General and Reporter demurred thereto.

The decree of the chancellor recites that the cause was heard upon the bill, the cross-bill, "and the demurrer thereto;" whereupon the chancellor decreed that the demurrer be sustained and that the bill and cross-bill be dismissed. A written opinion filed by the chancellor stated his conclusion that the statute attacked is constitutional and valid. From this decree both complainant and cross-complainant were granted an appeal to this court.

After the transcript was filed in the office of the clerk of this court, the City of Elizabethton dismissed its appeal, leaving the appeal pending only that of the original complainant, J. T. Perry, who sues as a taxpayer.

It is stated on the brief filed for appellant in this court, with reference to the answer of the Election Commissioners disclaiming interest: "Under the state of the pleading at that stage of the case there was no one con-

testing the questions raised in the original and cross-bills, except Dr. C. C. Hacker, who was an unnecessary party. Thereupon, the complainant, J. T. Perry, and cross-complainant, The City of Elizabethton, moved the court to dismiss the bill and cross-bill against Hacker, which motion was granted.''

In *Miller* v. *Miller,* 149 Tenn., 463, 487, wherein the constitutionality of the Declaratory Judgments Law was sustained, this court held that the jurisdiction of a court may be invoked under the statute, to determine a question which is real and not merely theoretical, but that ''the person raising it must have a real interest, and there must be some one having a real interest in the question who may oppose the declaration sought.''

In *Cummings* v. *Shipp,* 156 Tenn., 595, 597, this court said: ''While jurisdiction under the Declaratory Judgments Act is not dependent upon any right of the parties to immediate consequential relief, it is necessary, in order to confer jurisdiction, that the proceeding be instituted by a party with real interest in the subject-matter and against the party whose interest is adverse.''

The absence of real interest·in the complainant, seeking declaratory relief, and the absence of proper adverse interest in the party named as defendant, were held to constitute ''jurisdictional defects;'' and for that reason, although such defects were not brought to the attention of the chancellor in *Cummings* v. *Shipp, supra,* the suit was dismissed by this court.

The brief of the appellant in this court concedes that there was no party defendant to the original bill with sufficient adverse interest in the subject of the litigation, to authorize the chancellor to assume jurisdiction of the bill. This defect, which is jurisdictional, is obvious

from the recitation hereinabove made of the pleadings, without the admission of appellant.

Furthermore, we think the bill fails to show that the complainant, appellant, had a real interest in the subject of the litigation, and that he, therefore, fails to show himself entitled to bring the suit.

The original bill avers that the complainant is a citizen, resident, and taxpayer of the City of Elizabethton, and that he owns property therein subject to be assessed for taxes for the year 1929, and that "he brings this suit as such taxpayer for and on behalf of himself and all other taxpayers and citizens and residents of said municipality." There is no averment in the bill that the administration of the city government under the amendatory Act of 1929 would result in the additional expenditure of city funds or in the imposition of an additional burden of taxation.

In *Reams* v. *Board of Mayor & Aldermen of McMinnville,* 155 Tenn., 222, 225, this court said:

"The taxpayer may maintain the suit to restrain action by the municipal authorities only when they are acting illegally, and when the effect of their illegal action will impose an additional burden of taxation. 19 R. C. L., 1163."

To authorize a taxpayer to maintain a suit under the Declaratory Judgments Law, to determine the constitutionality of a charter provision of a municipal government, he must have a "real interest" in the subject of the litigation, and this real interest is in nowise different from that which he must have to enjoin a proposed municipal action on the ground of illegality. We see no ground for any distinction in the interest which would

authorize the one suit from the interest which is necessary to the other.

It results that the appellant fails to show himself entitled to maintain his bill, and appeal, both because of an absence of sufficient interest in the litigation and because of an absence of parties possessing adverse interest.

The foregoing views having been indicated by the court on the oral argument of the appeal, learned counsel for the appellant has filed a supplemental brief in which it is said that the original bill was filed, not only under the Declaratory Judgments Law, but under the "general law," to enjoin the Election Commissioners from holding an election authorized by the amendatory Act of 1929, and that while the bill fails to charge that complainant's tax burden will be increased by the enforcement of the Act of 1929, this omission is supplied by the answer and cross-bill of the original defendant, City of Elizabethton, containing an averment: "The effect of said act would further be to increase the tax burdens of each and every taxpayer of the City and affect their rights as taxpayers adversely."

The cause was heard by the chancellor upon the original bill, the cross-bill and the demurrer thereto. The answer of the City was not, therefore, considered by the chancellor as an answer. No doubt the chancellor considered the interest of the City of Elizabethton sufficient to authorize a determination of the cause on its merits, but the cause is pending in this court only on the appeal of the original complainant, who was not made a defendant to the cross-bill.

The cause was not heard by the chancellor on bill and answer, and the complainant filed no pleading admitting

the averments of fact contained in the answer. The failure of complainant to state a cause of action in the bill cannot, therefore, be aided by averments of the answer, as the cause now stands.

It is our opinion, under the authorities hereinabove cited, that we are without jurisdiction to consider the questions presented by the original bill, upon complainant's appeal, and the appeal is accordingly dismissed, at complainant's cost.