SOUTHERN NEBRASKA POWER COMPANY, APPELLANT, V. VILLAGE OF DESHLER ET AL., APPELLEES.

FILED JANUARY 7, 1936. NO. 29390.

*F. H. Stubbs,* for appellant.

*Perry, Van Pelt & Marti, contra.*

Heard before GOSS, C. J., GOOD, EBERLY, DAY, PAINE and CARTER, JJ., and MUNDAY, District Judge.

MUNDAY, District Judge.

The Southern Nebraska Power Company, appellant herein, brought this action under the uniform declaratory judgments act, alleging that ordinance No. 93 of the Village of Deshler, appellee, was void under sections 18-101 and 18-103, Comp. St. 1929, and also prayed for injunctive relief. The trial court found for the defendants and dismissed the action. Plaintiff has appealed.

The appellant contends that such ordinance provides for the construction and maintenance of a municipal light plant in the defendant village by voting bonds, and that the sections above set out provide for only the construction of such plant; that said ordinance and all proceedings thereunder and the proposed bond issue are void. The appellees

deny these contentions, and further contend that all interested persons are not made parties to the action, and therefore the trial court had no jurisdiction, regardless of whether or not the action is tried under the uniform declaratory judgments act or is tried as an ordinary action in equity on the petition praying for injunctive relief.

The village of Deshler had no power to authorize a municipal bond issue for the maintenance of a municipal light plant. Comp. St. 1929, sec. 18-103. Therefore, the adoption of the ordinance was beyond the power of the village authorities and, at that time, under a sufficient showing, they probably would have been enjoined in a proper proceeding. But only one member of the village board is a party to this action. An action will not lie against a village for an act of its officers outside of their authority. The village is not bound. In attempting to legislate upon matters beyond its power, the village board does not represent the village, nor act as its agent. An action cannot be maintained against a village for an act done by its board outside of the actual and apparent scope of its authority.

The members of the village board not being parties to this action, the action will not lie against the village for acts of the board beyond its actual and apparent authority.

We approve the language of Judge Sullivan in *Wabaska Electric Co. v. City of Wymore*, 60 Neb. 199, 82 N. W. 626. In that case the plaintiff brought the action to prevent the carrying out of a proposed ordinance, which was void, and to prevent the interference with certain contract rights of the plaintiff, and for injunctive relief. The mayor and council were not parties to the action, and the court said:

"The adoption of the ordinance referred to in the fifth paragraph of the petition, being entirely beyond the power of the city authorities, and being an act which would, according to the showing of the plaintiff, result in irreparable injury, should, doubtless, be enjoined, if the proper parties were before the court. *Davis v. Sturtevant*, 9 N. Y. 263; *People v. Dwyer*, 90 N. Y. 402; *Spring Valley Water Works*

*v. Bartlett,* 16 Fed. 615; *Roberts v. City of Louisville,* 92 Ky. 95; High, Injunctions, sec. 1241. But the mayor and city council are not parties to this suit, and we do not understand that an action will ever lie against a city for an act done by one of its officers outside the scope of his authority. The mayor and council have power to enact ordinances, but that power is plainly limited by the law under which the city is organized. In attempting to legislate upon matters beyond its jurisdiction, the governing body of a city does not represent the city; does not act as its agent, nor by color of its authority. It is like any other agent who transcends his authority, and it, and not its principal, must answer for the wrongful act done or threatened. If the authorities of Wymore are threatening to do an illegal act obviously beyond the scope and limit of their agency, the injunction must go against them and not against the city."

The uniform declaratory judgments act provides as follows: "The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding." Comp. St. 1929, sec. 21-21,145. It is clear that the trial court in this case had no jurisdiction to determine any controversy between the plaintiff and the members of the village board of Deshler, because the members of the board are not parties to this action.

In *Lynn v. Kearney County,* 121 Neb. 122, 236 N. W. 192, this court held:

"Declaratory judgments act examined, and *held* to be applicable to actions wherein there is an actual controversy, and where only justiciable issues are presented by proper parties. So construed, the act does not confer on the courts nonjudicial powers."

In the case of *Dobson v. Ocean Accident & Guarantee Corporation,* 124 Neb. 652, 247 N. W. 789, the syllabi are:

"A court may refuse to enter a declaratory judgment where it would not terminate the uncertainty or controversy giving rise to the proceeding.

"Declaratory judgments act is applicable only where there is a present, actual controversy, and only where justiciable issues are presented and all interested persons are made parties to the proceeding."

Therefore, this action cannot be maintained under the uniform declaratory judgments act, as all interested persons are not made parties, nor could the injunctive relief prayed for be granted in an ordinary action in equity for the same reason. *Wabaska Electric Co. v. City of Wymore, supra.*

For these reasons, the judgment of the trial court is

AFFIRMED.