195 So. 265

### HOLLAND v. FLINN.

#### 4 Div. 127.

Supreme Court of Alabama.
April 4, 1940.

Ben H. Lightfoot, of Luverne, for appellant.

Ewell C. Orme, of Troy, for appellee.

BOULDIN, Justice.

Appellee, H. J. Flinn, brought this action under the Declaratory Judgment Act against appellant, S. B. Holland.

The averments of the complaint, admitted by the answer, disclose that plaintiff conveyed to defendant a described lot or parcel of land in the City of Luverne. The conveyance was by warranty deed purporting to pass a fee simple title. The defendant, grantee, is in possession under such conveyance. A dispute or controversy has arisen between these parties, grantor and grantee, as to whether the deed did convey a fee simple title. The grantee is interested in having this question now determined because he desires to erect a valuable building on the property.

The complaint discloses that the plaintiff, grantor, derived title through mesne conveyances from Cuba E. Haycraft, claiming as devisee under the will of her father, Francis M. Cody, deceased. The will is made an exhibit to the complaint.

The third item of the will reads:

"I give and bequeath to my daughter, Cuba E. Haycraft" (Described lands including the lot in question).

"To have and to hold for her own use and benefit as long as she lives and at her death I direct and will that if any of the above described property mentioned in this item remains in her possession at her death the same to be sold by my executors or otherwise divided and the proceeds be divided as follows: One-sixth to the heirs of my daughter, M. L. Sikes. One-sixth to the heirs of my daughter, F. W. Sentell. One-sixth to my daughter, C. E. Haycraft. One-sixth to the heirs of my son, T. L. Cody. One-sixth to my son, J. M. Cody. One-sixth to my son J. D. Cody."

Cuba E. Haycraft is still living. The deed from her to plaintiff's predecessors in title is not in the records but the bill proceeds on the theory that it purported to pass a fee simple title.

The bill prays for a construction of the will, and that the court "render a decree ascertaining and determining whether or not the complainant through his title to said lands which was sold to the respondent and obtained from Cuba E. Haycraft, is a fee simple title" and by declaratory judgment "adjudicate and declare that the said complainant conveyed a fee simple title in said lands to the respondent."

The answer admitted the facts averred but denied the title acquired by defendant was a fee simple title, and joined in a request for a declaratory judgment.

The trial court, on these averments, construing the will, decreed that the third item thereof devised to Cuba E. Haycraft such an estate and power of disposition as enabled her to convey a fee simple title, and decreed respondent to be the owner in fee simple. The respondent appeals.

Manifestly both parties by this appeal seek a decision of this court on the question of the state of the title, affirming or reversing the court below. No question was raised in the court below, nor in this court, as to necessary parties.

We deem it our duty to determine whether the court below acquired jurisdiction to adjudicate the question of title—to make any effective declaration.

Did the will pass a life estate to Cuba E. Haycraft, with remainder to devisees named, or did it pass a life estate with an unlimited power of disposition, which vested

in her a fee as to purchasers? Code, § 6928.

This is the question argued in briefs. It was necessarily the matter the trial court sought to determine in his decree.

On this issue the parties before the court have the same interest, although they differ on the question of law.

■ This issue of title cannot be adjudicated without the presence of the adverse parties, the remaindermen named in the will. That they must have their day in court is fundamental. Due process of law so demands.

■ The Declaratory Judgment Act, Michie's Sup.Code, § 7881 (11) required necessary parties to be brought in. Regardless of this statute the presence of necessary parties is jurisdictional.

■ No matter what may be the wishes of the parties in court the courts will not entertain and render decrees, which, for want of necessary parties, cannot adjudicate the questions presented. This rule has been declared by many courts in cases under the Declaratory Judgment Law. Borchard Declaratory Judgments, p. 104 et seq.; Note: 87 A.L.R. 1244; State ex rel. Mellott v. Wyandotte County, 128 Kan. 516, 279 P. 1; Perry v. Elizabethton, 160 Tenn. 102, 22 S.W.2d 359.

The decree of the court below is reversed and the cause remanded that necessary parties may be brought in by amendment, if plaintiff so desires.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.