66 So.2d 537

### TRAMMELL et al. v. GLENS FALLS INDEMNITY CO.

**6 Div. 468.**

Supreme Court of Alabama.

March 19, 1953.

Rehearing Denied June 18, 1953.

Further Rehearing Denied Aug. 6, 1953.

Taylor, Higgins, Windham & Perdue and Wade H. Morton, Birmingham, for appellant Boutwell.

Sadler & Sadler, Birmingham, for appellant Liberty Mut. Ins. Co.

A. H. Nichols, Birmingham, for appellant Trammell.

432

Lange, Simpson, Robinson & Somerville and Wm. L. Clark, all of Birmingham, for appellee.

PER CURIAM.

This is an appeal from a final decree of a court of equity based upon the verdict of the jury holding that appellee was not liable on its liability insurance policy with the appellant Ivan Trammell, as the beneficiary, with respect to an accident causing the death of A. D. Boutwell, as to which it was contended that the complainant should comply with the terms of said policy contract. This is a declaratory judgment proceeding.

There was an issue of fact submitted to the jury which tried the cause upon demand made by the respondents.

The primary question is dependent upon a proper construction of the policy in connection with the facts relating to the transaction. At the time of the accident Ivan Trammell owned three trucks. He had a contract for general hauling with the Republic Steel and Iron Company, for which purpose he had two trucks. On June 24, 1949, he made another contract with said company whereby he was to haul certain rock for them, and for which Republic Steel and Iron Company required him to obtain a policy of liability insurance. To haul the rock he bought a 1946 Ford, one and one-half ton, truck. The policy in question covering said truck was issued on that date in accordance with that requirement. Not long after the hauling of the rock began under said agreement, which was also the date of the policy of insurance which only applied to the 1946 Ford truck used in hauling the rock,—the rock hauling contract terminated for a reason not here material. That left Trammell with his contract for general hauling for Republic Steel and Iron Company with three trucks, including the 1946 Ford for which he had no immediate use. He thereupon made what he called a fifty-fifty contract with one J. W. Robbins for what they termed a free-lance hauling enterprise, whereby said Robbins was to have the privilege of getting such hauling as he was able to obtain and at such prices as he could command, with a provision that Trammell was to have fifty percent of the

income. Robbins did not haul for Republic Steel and Iron Company after the termination of the rock hauling contract, but sometimes Trammell used the 1946 Ford truck under his general hauling contract with Republic in place of one of his other trucks, and likewise Robbins sometimes used one of them. But at the time of the accident in question, Robbins was using the 1946 Ford truck for the purpose of obtaining business under his free-lance arrangement.

The question hinges, in the first place as we have said, upon a proper interpretation and application of the liability insurance policy which Trammell had on the 1946 Ford truck. The terms of the standard policy form which was used on that occasion provided:

"Item 5. The purposes for which the automobile (including truck) is to be used are commercial. * * *

"(a) The term 'pleasure and business' is defined as personal, pleasure, family and business use. (b) The term 'commercial' is defined as use *principally* in the business occupation of the named insured as stated in item 1, including occasional use for personal, pleasure, family and other business purposes."

The occupation of the insured, who is Ivan Trammell as stated in Item 1 is "coal dealer—*hauls exclusively for the Republic Steel and Iron. Company.*" There was attached to the policy of insurance, when issued, a rider signed by Trammell, providing, so far as here material: "All commercial automobiles owned and operated by the named insured are to be used in hauling *exclusively in the business of Republic Steel and Iron Company.*" While not here material, the rider contained other important provisions. It did not serve to eliminate sub-section (b) of Item 5, supra. Birnbaum v. Jamestown Mutual Ins. Co., 298 N.Y. 305, 83 N.E.2d 128.

The liability here involved of the complainant is dependent upon a construction of those terms of the policy as applied to the facts proven. That is to say, the provisions contained in the standard policy form which was there used, in connection with those of the rider, both together form one policy contract.

The trial court in his oral charge instructed the jury as follows:

"It is the opinion of the court and the jury is hereby instructed that a proper construction of the policy must be made by considering the policy proper and the rider attached to it. That although the rider attached to the policy states the hauling must be exclusively in the business of the Republic Steel and Iron Company, Subsection B of Item Five is still applicable and that the insured or person driving his truck with the permission of the insured at the time of the accident is covered by the terms of the policy in question if the use being made of the truck at the time of the accident was an occasional use for personal, pleasure, family and other business.

"The term 'occasional use' or the term 'occasional' is defined by Webster as 'occurring at times but not constant, not regular nor systematic; made or happening as opportunity requires or admits; casual; incidental.' Under this construction of the policy —and this is the real crux of the thing so far as the jury is concerned, it is the duty of the jury to determine whether the driver of the truck at the time of the accident was using the truck · with the permission of Ivan Trammell and whether such use was an occasional use for personal, pleasure, family or other business purposes."

The verdict of the jury was in favor of the complainant, and respondents appeal from a decree accordingly. It must have been a finding by the jury that, while it may be that the truck was then being used with the permission of Trammell as an occasional use for "personal, pleasure, family or other business purposes," it was not being used principally in the business of hauling for Republic Steel and Iron Company. The jury probably found that it was being used principally in the "free-lance" enterprise and that it was used on

the occasion of the accident to promote that enterprise.

The complainant, who is the appellee, contends that a proper interpretation of the contract should be declared to be as expressed in the language of the rider, that the truck to be covered by the insurance must have been used exclusively in the business of Republic Steel and Iron Company, which means that at the time of. the accident it must have been in the act of being used in the business of Republic.

If the construction which appellee places upon the policy is to prevail, the result would be that appellee was entitled to the declaratory judgment which it received without regard to the verdict on the issue submitted to the jury. For the evidence is without conflict that the truck was being used with the permission of Trammell, the insured, and not in the business of Republic Steel and Iron Company.

■ We think that the interpretation which the trial court put upon the policy, which includes of course the rider as a part of it, was not prejudicial to appellants. But it should have included also the requirement in Item 5, sub-section (b) that the truck was then used principally in the business of hauling for Republic Steel and Iron Company. If it was not principally so used, it was withdrawn from the coverage and it was immaterial that on this occasion its use was an occasional one, as there specified.

With respect to the "exclusive" use of the truck in hauling for Republic Steel and Iron Company as contained in the rider, we observe that without the rider the policy would have the same meaning in that respect and of course subject to the definition of "commercial," as quoted above from the policy, because without the rider the policy contained a stipulation that the purpose for which the truck is to be used is as stated in Item 1 of it, which is that the insured hauls *exclusively for Republic Steel and Iron Company*. So that, the definition of "commercial" in Item 5 (b), supra, is to be interpreted in connection with the exclusive hauling provision of the policy with or without the rider.

Respondents' refused charges 1, 2, 3, 4, 6, 7 and 8 declare a principle with reference to the construction of the policy, the effect of which is covered by that feature of the judge's oral charge interpreting the policy, which we have copied above, and therefore there is no error in the refusal of them.

■ Refused charge 5 was properly refused for in effect it was the affirmative charge for the respondents, in that, there was no conflict in the evidence but that the truck was being used by Robbins with the permission of Trammell for business purposes other than hauling for Republic Steel and Iron Company. Whereas it left out of consideration the question of whether such business purpose was an occasional use only.

Objection was made to the proof that such a policy of insurance without the rider would entail a premium charge of $217.40, whereas the premium charge on the policy with the rider was $127.90. Objection was also made to the argument of counsel in that respect. Appellants contend that such proof was immaterial and prejudicial, viewed in the light of said argument of counsel.

It is also contended in that connection there is no evidence that Trammell knew of such difference in the premium rate. But the evidence shows that the rates are approved by State authority. That all states operate under those rates and all insurance companies write at certain fixed rates. There is also a provision of law which requires the supervisor of rates of the State Department of Commerce to approve such premium rates. Section 395, Title 28, Pocket Part, Code; General Acts 1945, p. 148, section 8, which are open for the inspection of the public. Section 397, Title 28, Pocket Part, Code.

■ Proof that this was available was but the statement of a legal principle, and the argument that it was available refers to a legal status which could not be prejudicial to appellants in view of the issues submitted to the jury, although it might be immaterial. Trammell did accept the policy with the rider; he could have had

one without the rider, if he had wanted it. That right, proof of it and argument about it, were not prejudicial nor illegal.

Assignments 2 and 3.

■ These assignments relate to the ruling of the court sustaining objection to an argument by counsel for respondents to the effect that this suit involves the question of whether Mrs. Boutwell (widow of deceased) may have a fund out of which a judgment in a suit at law partly for her benefit may be satisfied. The same implication is involved in both assignments of error. It is but the oft repeated emphasis upon liability insurance · to cover any judgment which may be obtained. We think this remark was not justified as an argument on the issue before the jury. It is true that the result of this declaratory judgment will determine the liability of appellee for the payment in whole or in part of such judgment as might be rendered in the suit at law against Trammell. But it is not error to exclude an argument to that effect in a suit to ascertain what is the true state of the facts which determine whether it is the duty of appellee to take the burden of ·the defense of the suit at law and pay the judgment. Smith v. Baggett, 218 Ala. 227, 118 So. 283.

Assignment No. 9.

This assignment relates to the non-joinder of the minor children of Mrs. Boutwell.

The suit at law is under section 312, Title 26, Code, Workmen's Compensation Law. Murphy v. Louisville & Nashville R. R. Co.,[1] 61 So.2d 3. The deceased was killed in an accident arising out of and in the course of his service as an employee of McKesson and Robbins. Appellant Liberty Mutual Insurance Company was the employers' insurance carrier and is paying compensation to the widow and minors. The suit at law was filed by the Liberty Mutual Insurance Company against Trammell and Robbins for the benefit of Mrs. A. D. Boutwell, dependent widow and two named minor children of deceased, A. D. Boutwell, as provided by said feature of the Workmen's Compensa-

tion Law. The suit was filed after this bill in equity was begun to obtain a declaratory judgment. But before the bill was filed Mrs. Boutwell had asserted a claim against the insured, Trammell, and this complainant for damages on account of the death of her husband. The bill alleges that there is an actual controversy between complainant and respondents Trammell and Robbins as to the obligation of complainant under its policy of insurance; that respondent Liberty Mutual Insurance Company is paying to Mrs. Boutwell compensation on account of the death of A. D. Boutwell. The complaint in the suit at law was introduced in evidence and shows that it is for the benefit not only of Mrs. Boutwell but also of the two minor children.

■ It is insisted by appellants that the minor children are necessary parties to this suit. But a suit for a declaratory judgment is to settle a controversy of an appropriate sort between the parties thereto. The bill alleges that the dispute is between complainant and these respondents. Therefore, these respondents are the only necessary parties when they are on antagonistic sides of the litigation. The minor children would not be bound by the decree, but they are not necessary parties in a suit to settle a justiciable controversy between complainant and respondents. Section 166, Title 7, Code, provides that "All persons shall be made parties who have or claim any interest which would be effected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding." That statute does not render it mandatory that every interested person shall be made a party since it further provides that "no declaration shall prejudice the rights of persons not parties". But it is said that the absence of interested persons may induce the court to exercise its discretionary power to refuse to render a declaratory judgment when it would not terminate the controversy. This is by reason of section 161, Title 7, Code. The authorities to that effect are noted in 87 A.L.R. 1244.

[1]. 258 Ala.Sup. 367,

But the cases also assert the principle, which is self sufficient, that persons interested on one side only of the controversy cannot invoke the jurisdiction of the court conferred by statute, although they may disagree as to the law. State ex rel. v. Board of Com'rs of Wyandotte County, 128 Kan. 516, 279 P. 1; Perry v. City of Elizabethton, 160 Tenn. 102, 22 S.W.2d 359. That is also the nature of the situation in Holland v. Flinn, 239 Ala. 390, 195 So. 265, decided on the basis of those cases. This point is not well taken.

Assignments of error 10 and 11.

These assignments relate to the motion to set aside the verdict of the jury and to grant a rehearing. It is based upon the principles which are contained in the argument of the other assignments of error.

The foregoing opinion was prepared by FOSTER, Supernumerary Judge of this Court while serving on it at the request of the CHIEF JUSTICE, under authority of Title 13, section 32, Code, and it was adopted by the Court as its opinion.

We think there is no error shown in the assignments of error to reverse the decree of the circuit court.

Affirmed.

LIVINGSTON, C. J., and BROWN, SIMPSON and GOODWYN, JJ., concur.

## On Rehearing.

### PER CURIAM.

This application relates to the contention that the two minor children of A. D. Boutwell are necessary parties, and that any judgment in this suit without them is erroneous or void and should be vacated *ipso facto* by this Court, although no mention is made of any minors or other dependent children in the pleading and there is no demurrer to the bill taking the point. The answers make no mention of the existence of minors or other dependent children.

The respondents in the suit, which is for a declaratory judgment under section 156 et seq., Title 7, Code, are Trammell holding the policy sought to be construed; Robbins who was using the truck covered by the insurance; Mrs. Boutwell the widow of the person killed by the operation of the truck, and Liberty Mutual Insurance Company the insurance carrier for the employer (McKesson and Robbins, Inc.) of Boutwell under the workmen's compensation law.

The bill as amended referred to Mrs. Boutwell as the dependent wife of deceased Boutwell, an employee of McKesson and Robbins, and alleged that she became entitled to the benefits of the workmen's compensation law and as such is entitled to maintain a suit for the death of her husband, and has employed counsel to represent her and through her attorneys has made claim against complainant (as the insurance carrier of Trammell), and has made claim against Trammell and Robbins, the driver of the truck. That Liberty Mutual Insurance Company has paid and is paying workmen compensation benefits to Mrs. Boutwell under its policy, and has become subrogated to certain rights, all as provided by law, against Trammell and Robbins, and has made demand against this complainant (Trammell's carrier) and Robbins and Trammell, and is thereby attempting to collect from them all benefits it has paid or will pay Mrs. Boutwell. No mention is made of minors or other dependent children. And, as stated in the opinion supra, the bill alleges the existence of an actual controversy between complainant and said Trammell and Robbins as to the obligation, if any, of complainant under the policy on the Trammell truck; and that Liberty Mutual Insurance Company has made demand against complainant and Robbins and Trammell, and is thereby attempting to collect from said parties all benefits which it has paid or will pay in the future to Mrs. Boutwell.

Our attention has not been called to anything in the record showing that Mr. Boutwell left any minor or other dependent children, except as shown in the complaint filed in the circuit court by Liberty Mutual Insurance Company. The summons on it was issued October 9, 1950, which was subsequent to the filing of the original and amended bill in this cause. The summons and complaint allege that plaintiff is Liberty Mutual Insurance Company, who sues

for its benefit and for the benefit of Mrs. Allen Boutwell, dependent widow of A. D. Boutwell, deceased, and Shirley Elizabeth Boutwell and James Allen Boutwell, dependent children of said A. D. Boutwell, deceased, within the meaning of the workmen's compensation law of Alabama. There is no evidence that they were children of deceased, or that they were minors or otherwise dependent upon deceased in whole or in part. Sections 280, 281, 282, Title 26, Code.

We call attention to the fact that section 312, Title 26, Pocket Part, Code, which authorizes a suit by the Liberty Mutual Insurance Company does not provide that such a suit shall be in its name for the use of any one. Those allegations of the summons and complaint appear to be surplusage.

The record does not show, so far as our attention has been called to it, that any notice was taken during the trial or in the motion for a new trial of the existence of any such dependents or their need to be made parties.

The ninth assignment of error is the only place where any reference was made to any minor dependent children so far as we have found. That assignment did not go to any ruling of the court, but it alleges that it appears from the record that the minor dependent children of A. D. Boutwell were not made parties and that they have an interest in the subject matter. Certainly the bill on its face properly invokes the statute. Section 156, supra.

▇▇▇▇ The judgment sought is not void because those children are not made parties, if they exist. We pointed out in the opinion supra that the necessary parties, without whom a valid judgment cannot be rendered, are some at least who are on each side of the controversy, and though one or more may not be included when there are parties who represent the merits of the conflict, the judgment is not void for the want of necessary parties. To sustain that view we cited a number of authorities.

On rehearing we are cited to the case of Brantley v. Brantley,[2] 63 So.2d 29. The bill on its face shows an absence of parties having an interest. A demurrer was addressed to that defect. The Court held that it should have been sustained, and observed that under the mandatory provisions of section 166, Title 7, Code, in such a proceeding the legatees under the will and the heirs at law were necessary parties. We do not understand that to mean that if all persons are made parties who are shown by any of the pleadings to be interested a decree of the court would be invalid. That would be inconsistent with section 166, supra, which not only provides that all persons shall be made parties who have or claim any interest which would be affected by the judgment, but also that "no declaration shall prejudice the rights of persons not parties to the proceeding". That clause controverts any theory that the judgment would be inoperative as to those who are parties because some others not made a party have an interest in the controversy. We think the proper meaning of the opinion in the Brantley case is that upon a proper showing the court must require an interested person to be made a party, and if the absence of such a party is shown by the bill it is subject to demurrer assigning that ground.

The opinion, supra, of this Court seems to be properly supported by reason and authority and not opposed to the holding in the Brantley case; and, therefore, the application for rehearing should be overruled.

Application for rehearing overruled.

LIVINGSTON, C. J., and SIMPSON, STAKELY, GOODWYN and MERRILL, JJ., concur.

2. 258 Ala.Sup. 367.