Zimmerman, J.
There can be little doubt that the matter here presented is properly the subject for a declaratory judgment.
Section 12102-12, General Code, a part of the Declaratory Judgments Act, provides:
“This act is declared to be remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations; and is to be liberally construed and administered. ’ ’
See, also, Coshocton Real Estate Co. v. Smith, 147 Ohio St., 45, 67 N. E. (2d), 904.
The city of Zanesville contemplates substituting for the existing use of public property within its confines, which was originally dedicated for a specific purpose, a new and different public use. Various interests will be thereby affected and the situation calls for a declaration concerning “rights, status and other legal relations.”
Declaratory judgments as to the title and rights in *207 real property have frequently been rendered. 16 American Jurisprudence, 320, Section 47. Besides, the granting of relief under the Declaratory Judgments Act generally rests within the sound discretion of the court. 16 American Jurisprudence, 287, Section 14.
However, one of the requisites to the rendition of a declaratory judgment is that all necessary parties be before the court. As has already been noted, Muskingum county, through its board of commissioners, was not made and did not become a party to the action. Is its absence fatal and of such moment as to constitute a jurisdictional defect which prevents a court otherwise having jurisdiction from entertaining and deciding the proceeding on its merits?
When, in 1802, Zane and Mclntire laid out and. platted the now city of Zanesville and recorded such plat, they did so in compliance with an existing act passed by the General Assembly of the Northwest Territory, effective May 1, 1801. (2 Laws of the Territory of the United States North-West of the River Ohio, 41.) Section 4 of such act provided that where a town plat is properly prepared, acknowledged and recorded, this “shall be deemed a sufficient conveyance to vest the fee of such parcels of ground as are therein expressed, named or intended to be for public uses, in the county in which such town lies, in trust to and for the uses and purposes therein named, ’ ’ etc.
In 1805, the General Assembly of Ohio enacted a statute very similar to the territorial act described above. See 3 Ohio Laws, 213. Then, in 1831 the General Assembly, apparently realizing the incongruity of having the title in the county, to real property situated in a municipality and used for a public purpose, repealed the 1805 act and passed a new act, section 6 *208 of which, vested the title to such property in the municipality. 29 Ohio Laws, 350. See Section 3585, General Code.
Since the Zane-Mclntire plat of Zanesville was filed and recorded prior to the passage of the 1831 act, the correct conclusion may be that the acts of 1801 and 1805 govern and that the legal title to lots 8 and 16 is still in the county no matter what the actual significance thereof might be in view of the historical background and the underlying reasons for the legislation involved and in view of the fact that the city of Zanesville is and has been for many years using and maintaining the property in issue as a municipal project and essentially for a municipal purpose.
But whatever its position, Muskingum county can not be ignored. In our opinion it is both an interested and necessary party in the present action and the courts below lacked authority to render declaratory judgments in the absence of the county.
“Ordinarily, all persons interested in the controversy are necessary parties to an action for declaratory relief.” Annotation, 87 A. L. R., 1244.
It has been held that the “Declaratory Judgments Act is applicable only where there is a present, actual controversy, and only where justiciable issues are presented and all interested persons are made parties to the proceeding.” (Emphasis supplied.) Dobson v. Ocean Accident & Guarantee Corp., 124 Neb., 652, 247 N. W., 789. To the same effect are United Slate Tile & Composition Roofers v. United Brotherhood of Carpenters and Joiners, 185 Md., 32, 42 A. (2d), 913; Atkinson, Police Commr., v. Sapperstein, 191 Md., 301, 60 A. (2d), 737; Southern Nebraska Power Co. v. Village of Deshler, 130 Neb., 133, 134, 264 N. W., 462, 464; Redick v. Peony Park, 151 Neb., 442, 37 N. W. (2d), 801; Quackenbush v. City of Cheyenne, 52 Wyo., 146, 70 P. (2d), 577.
*209 In the case of Adams v. Greenwich Water Co., 138 Conn., 205, 217, 83 A. (2d), 177, 183, it is stated in the opinion: “A declaratory judgment ordinarily should not be rendered unless all persons having an interest in the subject matter are parties to the action * * *. Under these circumstances it was not a proper exercise of the court’s discretion to enter the declaratory judgment.”
Following the same line, several cases are authority for the proposition that in an action for a declaratory judgment the presence of necessary parties is jurisdictional. Holland v. Flinn, 239 Ala., 390, 195 So., 265; Kilroy v. O’Connor, 324 Mass., 238, 85 N. E. (2d), 441; Perry v. City of Elizabethton, 160 Tenn., 102, 22 S. W. (2d), 359.
The judgment of the Court of Appeals is, therefore, reversed and the cause remanded to the trial court for such further proceedings as this opinion requires.

Judgment reversed.

Weygandt, C. J., Middleton, Taft, Matthias, Hart and Stewart, JJ., concur.