WADSWORTH, APPELLANT, *v.* OTTAWA COUNTY BOARD OF EDUCATION, APPELLEE.

(No. 308—Decided November 3, 1958.)

*Messrs. Thierry & Morton,* for appellant.

*Mr. Leslie E. Meyer,* prosecuting attorney, for appellee.

SMITH, J. This appeal is on questions of law from a judgment of the Common Pleas Court upon a petition for a declaratory judgment. While an answer was not filed, the defendant was represented at the hearing by the county prosecuting attorney. By stipulation, the case was submitted to the trial court on the petition as constituting all the facts before the court. The parties will be referred to as plaintiff and defendant.

The undisputed facts as set forth in the petition are as follows:

"The plaintiff, Alvin C. Wadsworth, says that he brings this action on behalf of himself and others who are so numerous that it is impracticable to bring them all before the court, and who have a common interest with plaintiff herein and could rightfully be joined with plaintiff herein, and are similarly situated with him in the subject of this action.

"Plaintiff says that he is a qualified elector of the Erie Local School District in Erie Township, Ottawa County, Ohio; that he and 384 others who are likewise qualified electors of said Erie Local School District and who have a common interest with plaintiff in the subject of this action, duly signed a petition, hereinafter referred to as 'Port Clinton petition' directed to defendant board of education petitioning said defendant to transfer all of the said Erie Local School District to the Port Clinton School District, and to place such proposal on the ballot at the appropriate November election as provided in Section

3311.231 (3311.23.1) of the Revised Code of Ohio; that plaintiff and said 384 others who signed said Port Clinton petition are more than seventy-five per cent of the qualified electors voting at the last general election residing within the school district proposed to be transferred by said Port Clinton petition; that said Port Clinton petition was filed at the office of the county superintendent of schools at 8:00 o'clock a. m. on the 25th day of April, 1958; that on or about April 26, 1958, said county superintendent of schools caused the Ottawa County Board of Elections to check the sufficiency of signatures on said petition; that said board of elections on May 1, 1958, notified defendant board of education that the signatures on said Port Clinton petition met the requirements of sufficiency needed and referred to in Section 3311.231 of the Revised Code of Ohio.

"Further pleading, plaintiff says that in the evening of the 25th day of April, 1958, another petition, hereinafter referred to as 'Salem-Oak Harbor petition,' was delivered to said county superintendent of schools at his home; that said Salem-Oak Harbor petition purports to petition said defendant board of education to consolidate all of said Erie Local School District with the Salem-Oak Harbor Local School District pursuant to Section 3311.261 (3311.26.1) of the Revised Code of Ohio; that said Salem-Oak Harbor petition contained about 120 signatures of purported qualified electors of said Erie Local School District; that said number of purported electors appears to equal at least 75 per cent of the qualified voters voting at the last general election residing within said Erie Local School District; that a further and like petition containing 12 signatures of purported electors was later delivered to said county superintendent of schools.

"Plaintiff further says that said Erie Township Local School District of Ottawa County, Ohio, is a local district of the County School District of Ottawa County, Ohio, and has only an elementary school; that said Erie Local School District adjoins the Port Clinton City School District on the east and the Salem-Oak Harbor Local School District, on the west; and that both the Port Clinton City School District and the Salem-Oak Harbor School District have high schools.

"Further pleading, plaintiff says that at a regular meeting

of the defendant board of education held in the evening of May 1, 1958, said Port Clinton petition and said Oak Harbor petition were presented to defendant board of education by said county superintendent of schools; that defendant board of education continued said meeting to May 15, 1958, without action being taken on either of said petitions.

"Plaintiff believes, and alleges, that under the provisions of Sections 2311.231 and 3311.261 of the Revised Code of Ohio, the first filing of said Port Clinton petition with said county superintendent of schools gives said Port Clinton petition preference and priority, requiring that it be processed through all pertinent procedures of Section 3311.231 of the Revised Code, so that said Salem-Oak Harbor petition, filed later with said county superintendent of schools, will pend until an election has been had and certified on said Port Clinton petition; and that unless said statutes are so construed, said defendant board of education will transfer said Erie Local School District to said Salem-Oak Harbor Local School District in violation of the rights of plaintiff and those similarly situated with him."

Plaintiff prays for a declaratory judgment as to his rights and the rights of those similarly situated with him, subject to this action, to have the Port Clinton petition processed according to law and adjudging and declaring that by virtue of the statutes herein referred to, the defendant board of education has no legal right to transfer the Erie Local School District to the Salem-Oak Harbor Local School District until an election has been had and certified on the Port Clinton petition and for such other and further relief as may be just and proper.

Plaintiff, on behalf of himself and others of like interest and similarly situated, asks for an interpretation of Section 3311.231, Revised Code, the provisions of which plaintiff followed. The pertinent portions thereof are:

"* * * qualified electors of the area affected equal in number to not less than fifty-five per cent of the qualified electors voting at the last general election residing within that portion of a school district proposed to be transferred may propose, by petition, the transfer of a part or all of one or more local school districts within the county to an adjoining county school district or to an adjoining city or exempted village school district.

Said petition shall be filed at the office of the county superintendent of schools. The county superintendent shall cause the board of elections to check the sufficiency of signatures on said petition and shall present the petition to the county board of education at the next meeting of said board which occurs not later than thirty days following the filing of the petition. * * *
"* * *

"If the proposal was initiated by petition and effects one or more entire districts the county board shall, within sixty days following the filing of the petition, certify the proposal to the county board of elections of such counties as will be affected by the proposal in the manner and for the purposes hereinafter stated."

Plaintiff also seeks an interpretation of Section 3311.261, Revised Code, governing procedure followed by electors referred to as "Salem-Oak Harbor petition," the pertinent portions of such section being:

"Notwithstanding Sections 3311.22, 3311.23 and 3311.26 of the Revised Code, until January 1, 1959, a county board of education may consolidate a school district having only an elementary school or schools with one or more adjoining local, exempted village, or city school district or districts having a high school, upon receipt of a petition requesting such consolidation signed by qualified electors of the district equal in number to at least fifty-five per cent of the qualified electors voting at the last general election residing within such elementary school district. If such petition is signed by qualified electors of the district equal in number to at least seventy-five per cent of the qualified electors voting at the last general election residing within such elementary school district, the county board of education shall make such transfer. Such transfer shall be subject to the approval of the board or boards of education to which the district is being transferred."

The facts alleged in the petition embrace the prerequisites or conditions as a basis for suit for a declaratory judgment. There is shown a dispute or controversy as to legal rights under statutes which, if all necessary parties are before the court, requires judicial determination, there being present the condition of justiciability. Construction and interpretation of statutes is

a recognized function of declaratory action. *American Life & Accident Ins. Co. of Kentucky* v. *Jones, Admr.*, 152 Ohio St., 287, 89 N. E. (2d), 301, 14 A. L. R. (2d), 815; 16 Ohio Jurisprudence (2d), 650, Section 18.

The controversy or dispute is patently between the plaintiffs and the Salem-Oak Harbor petitioners, the latter not a party to this suit nor represented by counsel at the hearing. The defendant school board, however, is intending to act on the petition of the Salem-Oak Harbor petitioners. Section 2721.12, Revised Code, provides in part:

"When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration."

The intention of the act is to ensure the presence, or at least service upon, all other interested persons who would be affected legally by the decision. The persons in the Salem-Oak Harbor petition would be legally affected and are both interested and necessary parties to this action. Such persons not being made parties, it is manifest that the court lacks jurisdiction, since without them the declaratory judgment would not terminate the controversy or uncertainty, which is the essential purpose of the declaratory action to accomplish. Borchard Declaratory Judgments (2 Ed.), 256. Section 2721.06, Revised Code, defines the general powers conferred by the Legislature as "in any proceeding where declaratory relief is sought, in which a judgment or decree will terminate the controversy or remove an uncertainty."

In *City of Zanesville* v. *Zanesville Canal & Mfg. Co., Trustee*, 159 Ohio St., 203, 111 N. E. (2d), 922, a declaratory action involving interest in real estate, Muskingum County was not a party defendant. On page 207 of the opinion, it is said:

"However, one of the requisites to the rendition of a declaratory judgment is that all necessary parties be before the court. As has already been noted, Muskingum County, through its board of commissioners, was not made and did not become a party to the action. Is its absence fatal and of such moment as to constitute a jurisdictional defect which prevents a court otherwise having jurisdiction from entertaining and deciding the proceeding on its merits?"

On page 208, it is said:

"But whatever its position, Muskingum County can not be ignored. In our opinion it is both an interested and necessary party in the present action and the courts below lacked authority to render declaratory judgments in the absence of the county.

" 'Ordinarily, all persons interested in the controversy are necessary parties to an action for declaratory relief.' Annotation, 87 A. L. R., 1244.

"It has been held that the 'Declaratory Judgment Act is applicable only where there is a present, actual controversy, and only where justiciable issues are presented *and all interested persons are made parties to the proceeding.*' (Emphasis supplied.) *Dobson* v. *Ocean Accident & Guarantee Corp.*, 124 Neb., 652, 247 N. W., 789. To the same effect are *United Slate Tile & Composition Roofers* v. *United Brotherhood of Carpenters and Joiners*, 185 Md., 32, 42 A. (2d), 913; *Atkinson, Police Commr.*, v. *Sapperstein*, 191 Md., 301, 60 A. (2d), 737; *Southern Nebraska Power Co.* v. *Village of Deshler*, 130 Neb., 133, 134, 264 N. W., 462, 464; *Redick* v. *Peony Park,* 151 Neb., 442, 37 N. W. (2d), 801; *Quackenbush* v. *City of Cheyenne,* 52 Wyo., 146, 70 P. (2d), 577.

"In the case of *Adams* v. *Greenwich Water Co..* 138 Conn., 205, 217, 83 A. (2d), 177, 183, it is stated in the opinion: 'A declaratory judgment ordinarily should not be rendered unless all persons having an interest in the subject matter are parties to the action * * *. Under these circumstances it was not a proper exercise of the court's discretion to enter the declaratory judgment.'

"Following the same line, several cases are authority for the proposition that in an action for a declaratory judgment the presence of necessary parties is jurisdictional. *Holland* v. *Flinn,* 239 Ala., 390, 195 So., 265; *Kilroy* v. *O'Connor,* 324 Mass., 238, 85 N. E. (2d), 441; *Perry* v. *City of Elizabethton,* 160 Tenn., 102, 22 S. W. (2d), 359."

See, also, *Schriber Sheet Metal & Roofers, Inc.,* v. *Shook,* 64 Ohio App., 276, 28 N. E. (2d), 699.

Our conclusion in this case makes it unnecessary for us to examine the questions that might arise from the facts as to whether plaintiff has been diligent in prosecuting his claim be-

fore the expiration of the sixty-day limitation in the statute, and, if so, can an election be authorized after the expiration thereof; whether the matter is moot; what priority, if any, one group of petitioners may have over the other in point of time of filing their petition with the county board of education; whether the provisions of the two statutes are mandatory or directory; and whether one statute is a special act constituting an exception to a general act.

The judgment of the Common Pleas Court is reversed and the cause is remanded to that court with instructions to dismiss the petition without prejudice.

*Judgment reversed.*

DEEDS, J., concurs.

FESS, J., concurring. Were it not for the decision of the Supreme Court in *City of Zanesville* v. *Zanesville Canal & Mfg. Co., Trustee*, 159 Ohio St., 203, 111 N. E. (2d), 922, I would be inclined to follow the decisions of the Supreme Court of Alabama, Louisiana and Indiana holding that even though certain allegedly necessary parties are not joined in an action for declaratory judgment, since the declaration would not prejudice the rights of persons not parties to such proceeding, the provisions of sections similar to Section 2721.12, Revised Code, are directory and not mandatory, and that noncompliance therewith does not deprive the court of jurisdiction. *Trammell* v. *Glens Falls Indemnity Co.* (1953), 259 Ala., 430, 66 So. (2d), 537; *Parker* v. *Tillman* (1955), 228 La., 214, 81 So. (2d), 866; *State, ex rel. City of Indianapolis,* v. *Brennan, Judge* (1952), 231 Ind., 492, 109 N. E. (2d), 409.

I entertain some doubt as to whether the Oak Harbor petitioners are necessary parties, but inasmuch as they are to be affected by the declaration sought by the plaintiff, I am constrained to concede that under the *Zanesville case, supra,* the Common Pleas Court did not acquire jurisdiction in the instant case.