NEAL ET AL., APPELLANTS, *v.* RELIANCE ELECTRIC AND ENGINEERING CO., MASTER ELECTRIC DIV., APPELLEE.

(No. 2750—Decided July 3, 1963.)

*Messrs. Sharts, Singer & Brown* and *Messrs. Frank, Thomas, Brumbaugh & Corwin,* for appellants.
*Messrs. Pickrel, Schaeffer & Ebeling,* for appellee.

CRAWFORD, J.   Twenty-five plaintiffs, appellants herein, brought this action for declaratory judgment on behalf of themselves and all persons similarly situated, estimated in the briefs to number approximately 1,000.

The original petition was filed December 30, 1961.   The amended petition alleges that defendant corporation, appellee herein, operating its plant in Dayton, entered into collective bar-

gaining agreements with Local 2154, International Association of Machinists, AFL-CIO, of which plaintiffs are members, and with its predecessor locals; that the current agreement, dated July 1, 1960, covers the period through June 1962; and that the agreement provides for automatic renewal, in the absence of notice of termination, of seniority rights, pension benefits, group life insurance, and hospitalization and medical benefits.

It is alleged further that on July 27, 1961, defendant gave notice that it was moving its entire plant to Columbus, Indiana; that by reason thereof plaintiffs and others similarly situated have been deprived of the provisions of the collective bargaining agreements; that they are suffering unemployment; that they were not offered jobs at defendant's Columbus, Indiana, plant with seniority rights; that they have acquired vested seniority rights extending beyond the termination dates of the collective bargaining agreements; and that as a result of the removal plaintiffs and those similarly situated have been deprived of the provisions of the collective bargaining agreements, including the right to have jobs offered to them at defendant's new plant with vested seniority rights, and are deprived of the benefit of certain insurance agreements.

The prayer is for an order declaring the rights of the plaintiffs under the collective bargaining agreements, declaring that plaintiffs and those similarly situated have acquired vested seniority rights entitling them to employment at defendant's Columbus, Indiana, plant, or, in the alternative, for an order declaring them entitled to recover damages from the defendant.

Defendant demurred for failure to state a cause of action, improper joinder of parties plaintiff and improper class action. The latter two objections are essentially alike. The demurrer was sustained for misjoinder of parties plaintiff, without reference to the question of whether there was a failure to state a cause of action.

The single assignment of error is that "The trial court erred in sustaining the demurrer of appellee to the amended petition of the appellants for misjoinder of parties plaintiff." Therefore, we address ourselves to that question.

The contention of the defendant is stated in its brief as follows:

"The sole issue on this appeal is whether the employees under a collective bargaining agreement negotiated by the employees' union can properly bring a class action and/or join as party plaintiffs other employees to determine the various rights arising under said bargaining agreement, and in this connection it is immaterial whether the relief sought is injunctive relief or a declaratory judgment.

"The type of relief sought by these plaintiffs is a collateral question to be decided only after the basic question of joinder of parties has been determined.

"It is the position of the appellee that the trial court was completely correct in disposing of the case on the question of misjoinder of the parties for the reason that the Supreme Court has stated in definite terms, as cited above in the *Masetta case*, that the interpretation or enforcement of rights under a collective bargaining agreement is not the proper subject of a class suit."

It is incorrect to say that plaintiffs are pursuing their *various* rights; they are seeking to have determined their *common* right. And the type of relief sought does have a vital bearing upon the question of joinder.

The case referred to by defendant is *Masetta* v. *National Bronze & Aluminum Foundry Co.* (1953), 159 Ohio St., 306. That was not an action for declaratory judgment; it was for injunctions both mandatory and prohibitive, accounting, and damages. Of course, an action in which plaintiff seeks specific and individual remedies for himself, adapted to his particular claims, is wholly different from one in which a class has a common interest. That case, therefore, does not answer our question as to joinder of parties.

Any views expressed there which might ultimately have a bearing upon the merits of this case are presently beside the point.

Neither do the two Ohio cases emphasized by the plaintiffs give a complete answer to the question of joinder, dealing as they do with controversies quite different in nature and effect from that presented here. *Heidtman* v. *City of Shaker Heights*, 99 Ohio App., 415; *Wadsworth* v. *Ottawa County Board of Edn.*, 108 Ohio App., 246.

A careful reading of the chapter of the Revised Code on

declaratory judgments supplies the answer to our present question. It is not required that a declaratory judgment shall afford complete and ultimate relief. The petitioner is entitled to a declaration of his rights "whether or not further relief is or could be claimed." Section 2721.02, Revised Code. If further relief is to be sought, it is to be done in a different proceeding by individual claimants, and perhaps in a different court or courts. "The application therefor shall be by petition to a court having jurisdiction to grant the relief." Section 2721.09, Revised Code.

The statute specifies who shall be joined: "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration." Section 2721.12, Revised Code. This is generally held to permit a class action in such controversies. Annotation, 71 A. L. R. (2d), 723.

Section 2721.07, Revised Code, provides:

"Courts of record may refuse to render or enter a declaratory judgment or decree when such judgment or decree would not terminate the uncertainty or controversy giving rise to the proceeding."

The uncertainty or controversy involved here is whether the persons comprising the class represented by plaintiffs have vested rights in the collective bargaining agreements which will survive the removal of the plant. If the court determines that they do not have, that ends the uncertainty or controversy. If, on the other hand, the court decides that they do have such vested rights, the individuals may pursue them further, but not as part of this case. Hence a decision to that effect would likewise terminate the present uncertainty or controversy.

The case of *United Steelworkers of America* v. *Doyle,* 77 Ohio Law Abs., 385 (reversed on other grounds, 168 Ohio St., 324), is illustrative. There, the Common Pleas Court held that a collective bargaining agent might represent thousands of workers in seeking a declaratory judgment determining the legal effect of payments under supplemental unemployment plans beyond the right to payments provided for under the state Unemployment Insurance Act; that this was a justiciable controversy; and that the judgment or decree would terminate the uncertainty or controversy.

There are numerous precedents where courts have treated

similar cases as proper subjects for declaratory judgment. See *Otten* v. *Cincinnati*, 26 Ohio Law Abs., 17; *Hess* v. *Trailer Co. of America*, 31 Ohio Opinions, 566; 16 Ohio Jurisprudence (2d), 662, Declaratory Judgment, Section 28.

Such cases as the present are specifically provided for by Section 2721.03, Revised Code, which states that:

"Any person interested under a * * * written contract, or other writing constituting a contract, or whose rights, status, or other legal relations are affected by a * * * contract * * * may have determined any question of construction or validity arising under such * * * contract * * * and obtain a declaration of rights, status, or other legal relations thereunder."

There has been some argument as to whether plaintiffs do, in fact, have vested rights in the contract as claimed. That question is not before us. We are now determining only whether plaintiffs are properly joined in a class action. The branch of the demurrer which challenges the statement of a cause of action would present a question only as to whether plaintiffs are entitled to have their rights determined, not what the determination should be. *Bruckman* v. *Bruckman Co.*, 60 Ohio App., 361.

The demurrer should have been overruled and plaintiffs' rights declared.

The judgment is reversed and the cause remanded for further proceedings according to law.

*Judgment reversed.*

KERNS, P. J., and SHERER, J., concur.